Steven HART

v.

**TERRY L. HOPKINS, INC.**

Supreme Judicial Court of Maine.

Argued Jan. 31, 1991.

Decided March 28, 1991.

---

John C. Page (orally), Mary B. Devine, Zuckerman, Avaunt, Devine, Milazzo & Page, Gray, for plaintiff.

James G. Goggin (orally), Patricia A. Nelson–Reade, Mary Ellen Rogers, Verrill & Dana, Portland, for defendant.

Before ROBERTS, WATHEN, GLASSMAN, CLIFFORD, COLLINS and BRODY, JJ.

GLASSMAN, Justice.

Following the entry of a default against the defendant, Terry L. Hopkins, Inc. (Hopkins), a judgment was entered in the Superior Court (Cumberland County, *Brodrick, J.*) pursuant to a jury verdict awarding the plaintiff, Steven H. Hart, $250,000 in damages for his claim under the Jones Act, 46 U.S.C.App. § 688 (1975), for personal injuries allegedly suffered by Hart while an employee of Hopkins. Hopkins appeals, contending, *inter alia,* that the Superior Court (*Fritzsche, J.*) erred in denying Hopkins's motion to set aside the default entered against it. We agree and vacate the judgment. Accordingly, we need not address Hopkins's challenges to certain evidentiary rulings made by the court during the course of the trial on damages.

I

On November 28, 1988, Hart filed a complaint against Hopkins seeking damages for an injury to his back alleged to have occurred in July 1986, while Hart was working aboard a fishing vessel owned by Hopkins, and for maintenance and cure during the period of his disability. He alleged in his complaint that his injury resulted from the negligence of Hopkins and/or the unseaworthiness of Hopkins's vessel. After Hopkins failed to file a re-

sponsive pleading, at Hart's request the clerk entered the default of Hopkins on January 17, 1989, pursuant to M.R.Civ.P. 55(a). Six days later, Hopkins filed a motion to remove the default and to file a late answer, a copy of which was attached to the motion. In its answer Hopkins denied the allegations in Hart's complaint and alleged several affirmative defenses to the complaint, including the contributory negligence of Hart. Approximately two months before the hearing on its motion, Hopkins filed an affidavit of its attorney and a memorandum in support of its motion. The attorney's affidavit recites, *inter alia,* that Hopkins had not filed a timely responsive pleading to Hart's complaint because of assurances to him by Hart's attorney that Hart would not file an application for entry of default against Hopkins pending the outcome of the ongoing settlement negotiations between the parties. The affidavit recites further that the affiant had reviewed the statements of Hart, the statements of other crew members, and medical records, and that the information contained in these documents raises genuine issues of fact and supports a factual basis for a meritorious defense to Hart's claim for damages from Hopkins. In its memorandum Hopkins sets forth with greater specificity its claim of a meritorious defense.[1] The documents referred to in the memorandum are not attached to it.

Hart filed objections to Hopkins's motion on the ground that Hopkins had not satisfied its burden of proof as to good cause for failure to file a timely responsive pleading and had failed to introduce any competent evidence to satisfy its burden of showing a meritorious defense. After a hearing on May 10, 1989, the court (*Fritzsche, J.*)

denied Hopkins's motion to set aside the default on the ground that "a meritorious defense was not demonstrated."[2] On May 12, 1989, Hopkins filed a motion for reconsideration by the court of its order of May 10 and attached as exhibits the medical report and statements referred to in its original memorandum. Hart opposed the motion for reconsideration on the ground that Hopkins had failed to submit competent evidence of a meritorious defense because the supporting documents presented by Hopkins were not made under oath and would be inadmissible at trial, and further that the untimely submission of these documents unfairly prejudiced Hart. On May 26, 1989, apparently without a further hearing, the court (*Fritzsche, J.*) issued its order reciting that it had reviewed the submissions of both parties and, while finding that Hopkins had good cause for not filing a timely answer, denied the motion on the ground that Hopkins "had to present evidence, in advance of the hearing, that there was a meritorious defense." On May 2, 1990, after a trial confined to the issue of damages, the jury returned its verdict for Hart in the amount of $250,000. From the judgment entered pursuant to this verdict, Hopkins appeals.

## II

Hopkins contends that the court erred in holding that no timely meritorious defense was submitted to the court by Hopkins prior to the hearing on its motion pursuant to M.R.Civ.P. 55(c). Hopkins argues that the facts set forth in the memorandum filed in support of its motion are sufficient to meet its burden of showing a meritorious defense. We agree.

---

**1.** Hopkins's memorandum in support of its motion to set aside the default recites:

The plaintiff's own statement as well as those statements of other crew members interviewed shortly after plaintiff had made his initial claim all show that there was no incident or accident involving plaintiff on defendant's vessel. It was not until after the plaintiff arrived home from Portland following a trip on defendant's vessel that his back felt uncomfortable. The plaintiff's own doctor's report indicates that the morning after the plaintiff's arrival at home, he felt his back

"pop" when he was tying his shoes. There has been no evidence produced whatsoever either by plaintiff's counsel or in defendant's investigation that would indicate there was any incident or accident on board defendant's vessel which would possibly warrant recovery under the Jones Act.

**2.** A transcript of that hearing is not before us. However, both parties recite in their respective briefs that at the time of the hearing, the court denied Hopkins's attempt to introduce the documents referred to in its memorandum.

"The court's ruling on whether to set aside the entry [of default] is discretionary and will be overturned on review only for an abuse of that discretion." *Firth v. City of Rockland*, 580 A.2d 694, 696 (Me. 1990). The law is well established that the party seeking to set aside a default entered pursuant to M.R.Civ.P. 55(a) has the burden of establishing both a good excuse for his untimeliness in pleading to or defending an action against him and the existence of a meritorious defense to the action. *Porges v. Reid*, 423 A.2d 542, 544 (Me.1980); 2 Field, McKusick & Wroth, *Maine Civil Practice* § 55.7 (2d ed. 1970 & Supp.1981). A motion pursuant to Rule 55(c) thus takes into consideration two distinct components—justification for relief and a meritorious defense. The issues for each component are framed and resolved differently. The justification for relief component is litigated on the merits at the motion hearing. The moving party must allege and prove good cause for failure to file a timely responsive pleading. The opposing party is entitled to present controverting evidence. The court then considers the pleadings and the evidence to determine whether good cause has been established in fact.

The meritorious defense component, however, must be handled differently. The truth of the defense claimed by the moving party is not litigated at the motion hearing. For the purposes of this component of the motion, the moving party's version of the facts and circumstances supporting his defense are deemed to be true. The court examines the allegations of factual circumstances surrounding the dispute submitted by the moving party and determines whether the moving party's version of the facts and circumstances constitutes a defense to the opposing party's cause of action. *See American Metals Service Export v. Ahrens Aircraft*, 666 F.2d 718, 721 (1st Cir.1981).[3] The allegations may be presented by a number of methods including the motion to set aside the default, or the proposed answer appended to that motion, or by affidavits or memoranda. They must, however, be presented in a sufficiently timely fashion to allow the opposing party an opportunity to question the legal sufficiency of the defense and with enough elaboration of facts to permit the court to determine whether, if the moving party's version were believed by the trier of fact, the defense would be meritorious. *Id.; In re Stone*, 588 F.2d 1316, 1319 (10th Cir. 1978). Rule 55(c) has no requirement that in order for the moving party to prevail evidence must be presented that would be admissible at the trial of the case to establish the truth of the facts and circumstances alleged by the moving party as support for a claimed meritorious defense. Rather, the moving party's allegations representing that party's version of the facts and circumstances must be accepted as true for the purposes of the rule.

In the present case, the court erred in its determination that Hopkins's memorandum was untimely or insufficient to support its claim of a meritorious defense. Hopkins filed the memorandum with the court and served it on Hart on or about March 16, 1989, approximately two months before the hearing on Hopkins's motion to set aside the entry of default. Accepting as true, which the court must, the facts and circumstances set forth in that memorandum, it cannot be said that Hopkins did not meet the requirement of the second component of Rule 55(c) by failing to set forth a meritorious defense to Hart's cause of action against Hopkins.

The entry is:

Judgment vacated. Remanded to Superior Court for entry of an order setting aside the default entered against the defendant, Terry L. Hopkins, Inc., and for further proceedings consistent with the opinion herein.

All concurring.

---

**3.** M.R.Civ.P. 55 was intentionally modeled after Fed.R.Civ.P. 55. *Millett v. Dumais*, 365 A.2d 1038, 1040 (Me.1976). We find the reasoning of the federal courts on this interpretation of Rule 55(c) to be persuasive.