**AREKAY REALTY GROUP**

v.

**Charles J. LIEVI.**

Supreme Judicial Court of Maine.

Submitted on Briefs May 1, 1991.
Decided July 26, 1991.

Daniel E. Mooers, Portland, for plaintiff.

Daniel W. Boutin, Brian P. Winchester, Johnson, Jewell & Boutin, Portland, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD and COLLINS, JJ.

GLASSMAN, Justice.

The defendant, Charles J. Lievi, appeals from a judgment of the Superior Court (Cumberland County, *Cole, J.*) denying Lievi's motion for relief from a default and a default judgment entered by the clerk in favor of the plaintiff, Arekay Realty Group (Arekay), on its complaint against Lievi for damages for his alleged breach of a commercial real estate lease between the parties. We agree with Lievi's contention that pursuant to the provisions of M.R.Civ.P. 55(b) the clerk improperly entered a default judgment against Lievi and the trial court erred in denying his motion for relief from that judgment. We find no error, however, in the court's determination that Lievi failed to establish a meritorious defense to Arekay's action against him. Accordingly, we vacate the default judgment entered against Lievi and affirm the entry of the default.

Lievi first contends that because the clerk, rather than the court, entered the

default judgment against him it was error for the trial court to deny Lievi's timely motion for relief from that judgment. Lievi points out that the record discloses that prior to Arekay's request that the clerk enter a default and a default judgment against Lievi it had filed with the court the acceptance by Lievi's counsel of the service of the complaint and summons in this action and his waiver of "any defense based upon insufficiency of service of process." Lievi argues that such acceptance triggered the provisions of M.R.Civ.P. 55(b)(2). We agree.

M.R.Civ.P. 55(b)(1) empowers the clerk upon application of the plaintiff to enter a default judgment against the defendant when the claim is for a sum certain or can be made certain by computation and the defendant has defaulted and *has failed to appear.* M.R.Civ.P. 55(b)(2) provides, however, that "[i]n all other cases the party entitled to a judgment by default shall apply to the court," and the judgment may be entered only after compliance with the further provisions that:

> If the party against whom judgment by default is sought has appeared in the action, the party (or, if appearing by representative, the party's representative) shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application.... If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages ... the court may conduct such hearings or order such references as it deems necessary and proper and shall in the Superior Court accord a right of trial by jury to the plaintiff if the plaintiff so requests.

In *Downing v. O'Brien,* 325 A.2d 526 (Me. 1974), we stated:

> It seems obvious that since the Clerk is performing only a ministerial function and is not empowered to perform a judicial function, whenever a Clerk acts in excess of the authority granted by the *Rule* and purports to enter a judgment in a case where he has no authority to do so, the judgment so entered is void.

*Id.* at 528; *see also Steel Serv. Center v. Prince Macaroni Mfg. Co.,* 438 A.2d 881, 882 (Me.1981) (when plaintiff's claim not for sum certain or one that can be made certain by computation, default judgment entered by clerk is void).

■ Although this issue has been litigated in other states, *see, e.g., State v. One 1984 Pontiac 6000, Blue 4–Door,* 111 N.M. 85, 801 P.2d 667, 669–70 (Ct.App.1990); *Patterson v. Rockwell International,* 665 S.W.2d 96, 99–100 (Tenn.1984), we have not previously been called on to determine whether for the purpose of Rule 55 a defendant has "appeared" in an action when the acceptance by the defendant or his counsel of the service of the summons and complaint has been filed with the court. We hold these acts constitute an appearance in an action by a defendant within the purview of Rule 55 thereby requiring that a plaintiff's application for a default judgment against such defendant be directed to the court and that the defendant be given three days notice prior to the hearing on the application. Accordingly, in the instant case, the clerk had no authority to enter a default judgment against Lievi, and the trial court erred in denying Lievi's motion to vacate the default judgment.

■ We find no merit, however, in Lievi's argument that the clerk was without authority to enter the default against him. M.R.Civ.P. 55(a) provides: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default." M.R.Civ.P. 7 sets forth the pleadings allowed in an action. M.R.Civ.P. 12 provides that "[a] defendant shall serve that defendant's answer within 20 days after the service of the summons and complaint upon that defendant." It is undisputed that Lievi's counsel accepted service of the summons and complaint in this action on June 1, 1990. On June 25, 1990, pursuant to Rule 55(a), Arekay filed an affidavit setting forth, *inter alia,* that Lievi had failed to plead or otherwise de-

fend the action as required by the Rules of Civil Procedure and requesting that the clerk enter Lievi's default, which was entered on June 26, 1990. Lievi's answer and counterclaim dated June 28, 1990 was filed on June 29, 1990, and Lievi had neither sought nor been granted an enlargement of time as required by M.R.Civ.P. 6. Based on this record, the clerk was acting within the authority provided by Rule 55(a) when Lievi's default in this action was entered as requested by Arekay.

██ Lievi further contends that the court erred in its determination that Lievi had failed to establish a meritorious defense or a good excuse for his failure to plead or otherwise defend the action against him. We disagree. The law is well established that when seeking relief from the entry of a default or a default judgment the defendant has the burden of establishing the existence of a meritorious defense to the plaintiff's action, *Porges v. Reid,* 423 A.2d 542, 544 (Me.1980); 2 Field, McKusick & Wroth, *Maine Civil Practice* § 55.7 (2d ed. 1970 & Supp.1981), and accordingly, even though we vacate the default judgment, we examine the record to determine if the trial court erred in determining that Lievi had no meritorious defense to the action.

We recently addressed in *Hart v. Terry L. Hopkins, Inc.,* 588 A.2d 1187 (Me.1991), how the meritorious defense component of the defendant's burden must be handled. *Id.* at 1190. We stated that for purposes of this component the moving party's version of the facts and circumstances supporting his defense is deemed to be true. The factual circumstances surrounding the dispute may be presented by a number of methods. *Id.* "The court examines the allegations of the factual circumstances surrounding the dispute submitted by the moving party and determines whether the moving party's version of the facts and circumstances constitutes a defense to the opposing party's cause of action." *Id.*

██ In the instant case the record discloses that in its complaint Arekay alleged, *inter alia,* that Lievi had breached his lease agreement with Arekay by failing to pay the rent on time as required by the agreement between the parties, a copy of which was attached to the complaint. The agreement between the parties provided that the rent was due on the first day of every month, and if not paid within a period of 15 days thereafter, the lease would terminate and Arekay could lawfully, immediately, and without further demand or notice to Lievi take possession of the premises, which Arekay did by changing the locks on the door. Lievi by his proposed answer and counterclaim admitted that the agreement attached to Arekay's complaint was the agreement between the parties and the rent was not tendered in a timely manner. As his defense to the action, he alleged that Arekay had violated their lease agreement by changing the locks on the leased premises without notice to Lievi thereby denying Lievi access to the premises. On this record we find no error in the trial court's determination that Lievi had failed to establish the existence of a meritorious defense to Arekay's complaint.

Because we hold that the court properly found that Lievi had failed to establish the existence of a meritorious defense to Arekay's action against him, we need not address whether the trial court erred in determining that Lievi had failed to establish a good excuse for his untimeliness in pleading to or defending the action. The only remaining issue before the trial court is a determination, consistent with M.R.Civ.P. 55(b)(2), of Arekay's damages, if any, for the breach of the lease agreement by Lievi.

The entry is:

Judgment vacated. Remanded to the Superior Court for further proceedings consistent with the opinion herein.

All concurring.