Wendy WATSON–MADDOCKS

v.

David MADDOCKS.

Supreme Judicial Court of Maine.

Argued March 6, 1996.
Decided May 28, 1996.

Roberta S. Kuriloff (orally), Ellsworth, for Plaintiff.

Sandra Hylander Collier (orally), William N. Ferm, Ferm, Collier & Larson, Ellsworth, for Defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, DANA, and LIPEZ, JJ.

WATHEN, Chief Justice.

Plaintiff Wendy Watson–Maddocks appeals from an order of the Superior Court (Hancock County, *MacInnes, J.*) granting defendant David Maddocks' appeal from the denial of a motion for relief from a default judgment entered in a divorce action in the District Court (Ellsworth, *Staples, J.*). Plaintiff argues on appeal that the Superior Court erred in concluding that defendant was entitled to prior notice of the divorce hearing because he signed an acknowledgment of re-

ceipt of the divorce complaint and summons. Defendant moves to dismiss this appeal on the basis of the final judgment rule. Although the ruling of the Superior Court is interlocutory, judicial economy justifies review at this time and we vacate the order below.

The facts and procedural history may be summarized as follows:

Plaintiff and defendant were married in 1986. Plaintiff filed a complaint for divorce in the District Court on March 10, 1994. On March 16, defendant received a notice of summons and complaint, served by mail pursuant to M.R.Civ.P. 4(c)(1) (1995).[1] Defendant signed an acknowledgment of receipt of summons and complaint, and returned this acknowledgment in a self-addressed, stamped envelope to plaintiff's attorney. Defendant did not file an answer to the complaint, nor did

he take any other action apart from signing the acknowledgement.

On July 20, a hearing was held on plaintiff's complaint for divorce. Defendant was not given prior notice of this hearing nor was he present.[2] Judgment of divorce was entered, and all marital assets were accounted for and divided.[3]

Defendant then appeared through counsel and appealed the judgment to the Superior Court. The Superior Court held that the entry of judgment against defendant was invalid because he was not given prior notice of the divorce hearing. The court noted that, although M.R.Civ.P. 80(f) does not specifically mention a defaulting defendant's right to notice prior to a hearing, the comments to that rule suggest that Rule 80(f) should be applied in the same manner as M.R.Civ.P. 55[4], which specifically requires notice to a

---

**1.** **RULE 4. PROCESS**

. . . .

(c) **Service.** Service of the summons and complaint may be made as follows:

(1) By mailing a copy of the summons and of the complaint (by first-class mail, postage prepaid) to the person to be served, together with two copies of a notice and acknowledgement form and a return envelope, postage prepaid, addressed to the sender. If no acknowledgement of service under this paragraph is received by the sender within 20 days after the date of the mailing, service of the summons and complaint shall be made under paragraph (2) or (3) of this subdivision.

(2) By a sheriff or a deputy within the sheriff's county, or other person authorized by law, or by some person specially appointed by the court for that purpose. . . .

M.R.Civ.P. 4(c) (1995).

**2.** **RULE 80. DIVORCE AND ANNULMENT**

(a) **Applicability of Rules.** These Rules shall apply to actions for divorce, annulment, separate support, and determination of parental rights and responsibilities, except as otherwise provided in this rule.

. . . .

(f) **No Judgment Without Hearing; Appearance by Defendant; Judgments to Be Final.** No judgment, other than a dismissal for want of prosecution, shall be entered in an action under this rule except after hearing, *which may be ex parte if the defendant does not appear. Even though the defendant does not file an answer, the defendant may, upon entering a written appearance before commencement of a hearing on . . . division of marital or non-marital property, be heard on these issues.* Unless otherwise ordered by the court on its own

motion or on request of a party, any order granting a divorce, . . . disposition of property under 19 M.R.S.A. § 722A, or other disposition, award, or division of property incident upon a divorce . . . shall be a final judgment. . . .

M.R.Civ.P. 80 (1995) (emphasis added).

**3.** No alimony was awarded to either party, and the couple had no minor children.

**4.** **RULE 55. DEFAULT**

(a) **Entry.** When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default.

(b) **Judgment.** Subject to the limitations of Rule 54(c), judgment by default may be entered as follows:

(1) *By the Clerk.* When the plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain, the clerk shall, upon request of the plaintiff and upon affidavit of the amount due and affidavit that the defendant is not an infant or incompetent person, enter judgment for that amount and costs against the defendant, if the defendant has defaulted and has failed to appear.

(2) *By the Court.* In all other cases the party entitled to a judgement by default shall apply to the court therefor. . . . If the party against whom judgment by default is sought has appeared in the action, the party . . . shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application; provided that, if the

defaulting defendant who appears in the action. The court cited *Arekay Realty Group v. Lievi*, 595 A.2d 1036 (Me.1991) for the proposition that a defendant's acceptance of service of a complaint and summons constitutes an "appearance" under M.R.Civ.P. 55(b)(2). The court granted defendant's appeal and remanded to the District Court for a rehearing of the divorce complaint. Plaintiff now appeals from that order.

 We first address the final judgment rule. Defendant argues that plaintiff's appeal should be dismissed because it is an interlocutory appeal that does not fall within any of the exceptions to the final judgment rule. Absent a Rule 54(b) report or a special exception to the rule, we will not entertain appeals when any claim against any party has yet to be finally decided. *In re Erica B.*, 520 A.2d 342, 343–44 (Me.1987). The Superior Court's order, vacating the divorce judgment and remanding for another hearing, is the practical equivalent of granting a new trial. Grant of a new trial is not immediately appealable. *See, e.g., Maine Dept. of Trans. v. MSEA*, 581 A.2d 813, 814–15 (Me.1990) (Superior Court's vacation of arbitration award and remanding for rehearing, like the grant of a new trial, is not immediately appealable); *see also, State v. Lebroke*, 589 A.2d 941, 943 (Me.1991) (denial of acquittal for insufficiency of the evidence not immediately appealable where mistrial was declared and second trial was ordered). We have also stated that appeals from decisions of the Superior Court acting in an appellate capacity, where the Superior Court has remanded to the District Court, should not be entertained unless the "remand requires only that the [District Court] . . . address a procedural or ancillary matter distinct from the issue upon which appeal to the [Law Court] is sought." *Wheeler v. Maine Unemployment Ins. Comm'n*, 477 A.2d 1141, 1145 (Me.1984).

 The above cases make clear that this appeal is interlocutory and would not ordinarily be entertained; however, we may still consider this appeal in the interests of judicial economy. *Department of Human Services v. Lowatchie*, 569 A.2d 197, 199 (Me. 1990). This case is already before us, it has been fully briefed, and a ruling in plaintiff's favor will serve as a final disposition of the entire lawsuit. *See Lowatchie* at 199; *State v. Pinkham*, 586 A.2d 730, 731 (Me.1991). Except in the unlikely event that defendant defaults a second time, or plaintiff is granted the same or more favorable relief in the second proceeding, the identical issue that has been briefed in this case will come before us again. The resolution of the issue on appeal is not dependent on any factual determination but rather presents a discrete and important question of law: Does an individual's acknowledgment of service constitute the entry of an appearance?

 There is no dispute that a defendant who "appears" is entitled to notice prior to the divorce hearing. Plaintiff argues that the Superior Court erred as a matter of law in ruling that defendant "appeared" by signing an acknowledgment of receipt of the summons and complaint. Plaintiff notes that service by mail with a signed acknowledgment pursuant to M.R.Civ.P. 4(c)(1) is an inexpensive alternative to service in hand by a sheriff under M.R.Civ.P. 4(c)(2). Because service by a sheriff does not accomplish an "appearance" by the defendant, plaintiff argues, the alternative produces no different result.

The Superior Court relied on our holding in *Arekay Realty Group v. Lievi*, 595 A.2d 1036 (Me.1991) in finding that defendant had appeared. In *Arekay*, defense counsel filed with the court on behalf of his client an acceptance of service of the summons and complaint. We held that such a filing constituted an "appearance" and triggered the notice requirements of M.R.Civ.P. 55(b)(2). *Id.* at 1037. It is crucial to the holding in *Arekay* that the acceptance of service was signed

reason for default is a party's failure to appear at trial, such notice need be served only if ordered by the court. If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall in the Superior Court accord a right of trial by jury to the plaintiff if the plaintiff so requests.
M.R.Civ.P. 55 (1995).

by defense counsel. Therefore, the acceptance was effective only because counsel first appeared on behalf of the defendant. Our suggestion in *dicta,* that an acceptance of service signed by a defendant would constitute the entry of an appearance was wrong.

We now hold for the first time that a defendant's acceptance of service in accord with M.R.Civ.P. 4(c)(1) does not, *without more,* constitute an "appearance" in the proceedings. Accordingly, defendant did not appear and was not entitled to prior notice of the divorce hearing.

The entry is:

The judgment of the Superior Court is vacated. Remanded for the entry of an order affirming the judgment of the District Court.

All concurring.