STATE OF MAINE                                   SUPERIOR COURT
CUMBERLAND, ss                                   CIVIL ACTION
                                                 DOCKET NO. CV-03-312

```
                             *
CARLENE ZSIGA AND            *
EDWARD ZSIGA,                *
                             *
              Plaintiff      *
                             *
       v.                    *        ORDER
                             *
                             *
JOHN P. SULLIVAN,            *
                             *
              Defendant      *
                             *
```

This case comes before the Court on Defendant John P. Sullivan's Motion

to Vacate an Entry of Default and Plaintiffs Carlene and Edward Zsiga's Motion

for a Default Judgment.

## FACTS

On July 27, 1997, Plaintiff Carlene Zsiga and Defendant were in an

automobile accident on the Maine Turnpike Exit Spur Number 7. On May 19,

2003, Plaintiffs served Defendant in hand with a complaint seeking a judgment

on liability and damages. Defendant failed to answer the complaint within 20

days. Plaintiffs filed a request for a default judgment on June 25, 2003. On June

26, 2003, the clerk entered an entry of default. On August 8, 2003, the Court

received a personal letter from Defendant with the police report attached asking

the Court to vacate the default judgment. Plaintiffs were not served with a copy

of this letter. The letter indicated that Defendant's failure to answer within the

time limit was due to his traveling in and out of the State during the previous

couple of months. The letter and the police report state that Plaintiff swerved in

front of Defendant's vehicle. Almost two years later, on July 1, 2005, Plaintiffs filed a motion opposing Defendant's motion to vacate the default judgment. On the same day, Plaintiffs filed a motion for a default judgment from the Court requesting a hearing on damages.

## DISCUSSION

The main issue before the Court is whether the entry of default entered into against Defendant can be set aside pursuant to M.R. Civ. P. 55(c). Plaintiff opposes this motion and is asking this Court for a default judgment pursuant to M.R. Civ. P. 55(b)(2).

### 1. Defendant had Good Cause

Pursuant to M.R. Civ. P. 55(c), the Court may set aside an entry of default for good cause shown. *Thomas v. Thomas,* 653 A.2d 417; Me. 1995; M.R. Civ. P. 55(c). The proponent has the burden to show that a good excuse exists for an untimely pleading as well as the existence of a meritorious defense. *Id.* Although the rule does not define good cause, the Law Court has provided some guidance. The Court has held that while establishing excusable neglect to set aside a default judgment requires a reasonable excuse for the default, establishing good cause to set aside an entry of default is less stringent. *Theriault v. Gauthier, 634 A.2d 1255, 1256-57 (Me. 1993);* M.R. Civ. P. 60(b). This relatively low threshold for establishing good cause parallels Maine's strong preference for deciding cases on the merits. *Thomas,* 653 A.2d at 420. "Consistent with this preference, . . . motions to set aside a default have been granted in cases when no gross neglect was involved in the late filing, the nondefaulting party will not be substantially prejudiced by reopening the case, and a meritorious defense exists." *Id.; Estate of Gordan, 2004 ME 23, 842 A.2d 1270, 1276* (finding good cause when

the defendant acted promptly to seek relief from the default and the plaintiff was not subjected to a lengthy delay); *Thomas*, 653 A.2d at 420 (An insurer's failure to file an answer in a timely fashion because its employee handling the claim was of a vacation was not gross neglect when it responded shortly after becoming aware of it).

Here, Defendant responded approximately eight weeks after receiving service of the complaint. He admits that he made a mistake by not responding on time. His justification for his tardiness is 1) that he was in and out of the State at that time, and 2) that he simply could not believe that Plaintiff could bring a suit against him when the police reported that Plaintiff "changed lanes suddenly to avoid a vehicle coming off the I-295 ramp" causing Defendant to strike her vehicle in the rear.[1] Furthermore, Plaintiffs' insurance carrier paid for Defendant's property damage in full.

Although Plaintiffs did not receive notice of Defendant's motion to vacate, Plaintiffs initially sought the default judgment on June 25, 2003. When the clerk did not issue that judgment, Plaintiffs could have asked the Court to amend the complaint to include a sum certain, or to grant a hearing on damages. Instead, they waited two years to oppose Defendant's motion to vacate. In light of the these facts, an eight-week delay did not prejudice the Plaintiffs when they waited almost six years to file suit and two more years to act on Defendant's motion.

Although Defendant's excuse may not be the most persuasive, it does appear to be reasonable in light of the facts of the case. Moreover, Defendant's eight-week delay does not rise to the level of gross neglect or prejudice to the

---

[1] Rule 55(c) has no requirement that the evidence presented be admissible at the trial of the case to establish the truth of the facts and circumstances alleged by the moving party as support for a claimed meritorious defense. *Hart v. Terry L. Hopkins, Inc.*, 588 A.2d 1187, 1190 (1991).

Plaintiffs.  Therefore, Defendant had good cause for his untimeliness.

2.    Defendant has a Meritorious Defense

For the purposes of this component of the motion, the crux of the analysis is whether the moving party's version of the facts and circumstances constitutes a defense to the opposing party's cause of action.  *Hart v. Terry L. Hopkins, Inc., 588 A.2d 1187, 1190 (1991).*  The allegations may be presented, inter alia, in the motion to set aside the default, the answer, by affidavits, or memoranda.  *Id.* "They must, however, be presented in a sufficiently timely fashion to allow the opposing party an opportunity to question the legal sufficiency of the defense and with enough elaboration of facts to permit the court to determine whether, if the moving party's version were believed by the trier of fact, the defense would be meritorious."  *Id.*

Here, Defendant's letter on August 8, 2005 states, "the other vehicle suddenly swerved in front of him."  This allegation is supported by the attached police report stating that Plaintiffs' vehicle "changed lanes suddenly to avoid a vehicle coming off the I-295 ramp."  The report further states and demonstrates that Defendant's vehicle was unable to stop and struck Plaintiffs' vehicle when she swerved in front of him.  In examining the letter and the police report, Defendant has alleged enough facts to establish the elements required for the defense of comparative negligence.

Defendant's Motion to Vacate is **GRANTED.**
Plaintiff's Motion for a Default Judgment is **DENIED.**

DATE: September 20, 2005

_____
Justice, Superior Court

CLERK OF COURTS
Cumberland County
P.O. Box 287
Portland, Maine 04112-0287

CHRISTOPHER DINAN ESQ
PO BOX 7046
PORTLAND ME 04112

CLERK OF COURTS
Cumberland County
P.O. Box 287
Portland, Maine 04112-0287

GARY LIBBY ESQ
477 CONGRESS STREET SUITE 418
PORTLAND ME 04101

