STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
Docket No. CV-05-556



DEBRA LARSON

      Plaintiff,

v.

ORDER

DANIEL A. FERRANTE, et al.

      Defendants.


Before the court is a motion by defendants Daniel Ferrante and John Lucas Tree Expert Co. to set aside the entry of default against them and for leave to file a late answer.

The court has reviewed the parties' submissions and is of the view that Ferrante and John Lucas Tree Expert Co. (as opposed to their insurer) have demonstrated both good cause for the default and the existence of a meritorious defense.[1] The defendants' affidavits state that, once served, they promptly forwarded the summonses and complaints to Specialty Risk Services and thereafter tried to follow up but had difficulty reaching Specialty Risk Services. Given the strong preference for deciding cases on the merits and the fact that no default judgment was entered here, this is adequate to show a sufficient excuse for the default to constitute good cause on the part of Ferrante and John Lucas Tree Expert Co.

If the court were to consider whether Specialty Risk Services has shown good cause for the default, it would reach a different conclusion. Ms. Leonard's second

---

[1] On the meritorious defense issue, the court need only consider whether the moving party's version of events, if true, would constitute a defense to the action. Hart v. Hopkins, 588 A.2d 1187, 1190 (Me. 1991). Allegations set forth in an answer may be sufficient to establish a potentially meritorious defense. Id.

affidavit (as opposed to her first[2]) acknowledges that her office received a copy of a letter to the court from plaintiff's counsel dated September 28, 2005, transmitting proof of service but states that the proof of service itself was not enclosed. Leonard affidavit sworn to November 23, 2005 ¶ 7. Especially given the other communications Ms. Leonard had received, she should have been on notice that service had been made once she received the September 28, 2005 letter. If she had any remaining doubt as to the status of service, she should have contacted plaintiff's counsel, the clerk of court, or her insureds. Moreover, Ms. Leonard offers no explanation why the materials faxed by her insureds either were never received or were ignored.

Under the circumstances, the court would be inclined to leave the default in effect to the extent that any judgment would be paid by the insurer and only lift the default as to Ferrante and John Lucas Tree Expert Co. to the extent that their personal assets were exposed. However, it believes that this course is foreclosed by Thomas v. Thompson, 653 A.2d 417, 420-21 (Me. 1995).

The entry shall be:

Defendants' motion to lift the entry of default and to file a late answer is granted. The clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

Dated: December _2_, 2005

Thomas D. Warren
Justice, Superior Court

---

[2]See Leonard affidavit sworn to November 2, 2005 ¶5.

Ivy Frignoca, Esq.
Pl.


Timothy Bryant, Esq.

Def