STATE OF MAINE                                    SUPERIOR COURT
CUMBERLAND, ss.                                   CIVIL ACTION
                                                  DOCKET NO: CV-08-228
                                                  RAC  CUM  3  8.08

JENNIFER MASON

                        Plaintiff,

                                                  DRAFT ORDER
    v.

BRUCE SARGENT, et. al,

                        Defendant.

This matter comes before the Court on Defendants Bruce Sargent, Sargent

Holdings, LLC, and Sargent Gravel, LLC's (the Sargent Defendants) Motion to

Set Aside Entry of Default pursuant to M.R. Civ. P. 55(c).

## BACKGROUND

This case represents the latest chapter in more than two-years of litigation

between the parties. Among other things, the last suit between the parties

(*Sargent, et al. v. Mason, et al.*, CV-06-430) resulted in the parties agreeing to place

$49,000 in an escrow account. This amount represented the interest, late charges,

and attorney's fees that had accrued under the notes at issue in the case and

could only be distributed by agreement or by court order. Post-trial, both parties

moved to have the escrowed funds released to them, and the Court, in its March

18, 2008 Order on All Pending Motions, decided that "[a]ny further disputes

regarding ownership of the escrow funds shall be dealt with in a separate suit."

Based on this decision, on April 18, 2008, Ms. Mason filed a Complaint for

Declaratory and Injunctive Relief seeking the release of the escrowed funds. A

courtesy copy of this complaint was delivered to Christopher Branson, attorney

for the Sargent Defendants. After receiving this courtesy copy of the complaint,

Attorney Branson contacted Mr. Sargent to discuss the complaint with him.

After a month of the parties' attorneys exchanging emails and phone messages regarding delivery of service, Ms. Mason's attorney, Marshall Tinkle, arranged for a representative of the Aroostook County Sheriff's Office to personally serve the Sargent Defendants. While Attorney Branson previously had received a courtesy copy of the complaint, he was never notified that his clients would be served in such a manner at that time.

The Sargent Defendants were served on May 20, 2008. However, because Attorneys Branson and Tinkle had been engaged in ongoing communication regarding all pending actions and Attorney Branson had discussed this specific complaint with his client, Mr. Sargent, a man whose $220 million dollar business demands most of his time, mistakenly assumed that Attorney Branson was independently notified of service and would file the necessary answers in response to Ms. Mason's complaint.

On June 23, 2008, the Sargent Defendants received a Notice of Entry of Default from the court. On July 8, 2008, the Sargent Defendants filed an Answer, Counterclaim, and Third-Party Complaint, and a Motion to Set Aside Entry of Default.

On July 10, 2008, Ms. Mason filed an Application for Default Judgment. In response to this, Attorney Branson sent a letter to the court, dated July 11, 2008, requesting court action on the Motion to Set Aside Entry of Default before considering Ms. Mason's Application for Default Judgment.

DISCUSSION

Under M.R. Civ. P. 55(c), a court may set aside an entry of default "for good cause." In order to establish good cause, "a party must show a good excuse for his or her untimeliness and a meritorious defense." *Truman v. Browne*, 2001

2

ME 182, ¶ 9, 788 A.2d 168, 170. The Law Court states that "[t]here is a strong preference in our law for deciding cases on the merits. *Wescott v. Allstate Ins.*, 397 A.2d 156 (Me. 1979). . . [Consistent with this preference], motions to set aside a default motion have been granted in cases when no gross neglect was involved in the late filing, the nondefaulting party will not be substantially prejudiced by reopening the case, and a meritorious defense exists." *Thomas v. Thompson*, 653 A.2d 417, 420 (Me. 1995).

## I. Good Excuse

The foundation of a good excuse is a "reasonable explanation" as to why the delay occurred. *Levine v. Keybank Nat. Assoc.*, 2004 ME 131, ¶ 21, 861 A.2d 678, 684. Here, the parties have been engaged in ongoing litigation for over two years, and the parties' counsels have been communicating directly concerning matters before the court, including discussions about how this specific complaint could be served on the Sargent Defendants. However, while service was discussed, when Attorney Tinkle finally decided on the method of service, he did not contact Attorney Branson to inform him of this decision. Moreover, Mr. Sargent had discussed this complaint with Attorney Branson prior to being served by an Aroostook County Sheriff, and thus believed that when he was served, his attorney was also notified of actual service of process and would proceed accordingly. When taken together, these facts provide a reasonable explanation as to why the delay in answering the complaint occurred.

## II. Meritorious Defenses

According to the Maine Law Court, "a meritorious defense is one with merit, that is, one that is colorable and not frivolous." *In re: Estate of Gordan*, 2004 ME 23, ¶ 23, 842 A.2d 1280, 1276. For the purposes of determining if a defense is

3

meritorious, the moving party's version of the facts and circumstances of the defense are deemed to be true. *Hart v. Terry L. Hopkins, Inc.*, 588 A.2d 1187, 1190 (Me. 1991). Moreover, "[t]he allegations may be presented by a number of methods including the motion to set aside the default, or the proposed answer appended to that motion, or by affidavits or memoranda." *Id.*

The Sargent Defendants raise several defenses to Ms. Mason's complaint.[1] As made clear by the Court's March 18, 2008 Order on All Pending Motions, there is "no way for [the] Court to know the conditions surrounding the escrow agreement because the parties fundamentally disagree and because the only written memorialization of the escrow agreement is a letter written by the attorney for the Plaintiffs that states only" the manner in which the funds may be distributed. As there is uncertainty regarding the terms and conditions of the escrow account, and seemingly this is why the Court placed the $49,000 is the escrow account in the first place, it cannot be said that, as a matter of law, the Sargent Defendants lack meritorious defenses.

III. Substantial Prejudice

While the Court understands that, at least since December 17, 2007, Ms. Mason has attempted to get the escrowed funds released to her, when taken in the context of the ongoing litigation between the parties, any delay caused by setting aside the entry of default will not substantially prejudice Ms. Mason.

---

[1] These defenses include, but are not limited to, *res judicata*, failure to state a claim, adequate remedy at law, waiver and estoppel, prior breach, and statute of frauds.

4

Therefore, the entry is:

Defendants' Motion to Set Aside Entry of Default is **GRANTED**.

The clerk shall incorporate this Order into the docket by reference pursuant to M.R. Civ. P. 79(a).

Dated: September 12, 2008

Roland A. Cole
Justice, Superior Court

5

'F COURTS
and County
Box 287
ine 04112-0287

MARSHALL TINKLE ESQ
PO BOX 15060
PORTLAND ME 04112

Plaintiff

F COURTS
and County
Box 287
ine 04112-0287

CHRISTOPHER BRANSON ESQ
PO BOX 9785
PORTLAND ME 04104

Serpents