STATE OF MAINE                                    SUPERIOR COURT
YORK, ss.                                         CIVIL ACTION
                                                  DOCKET NO. ALFSC-CV-15-0238


DIANE AHMED and,
ISA AHMED,

      Plaintiffs,

v.                                                **ORDER**

STARETZ, LLC
D/B/A PRIME HYUNDAI,

      Defendant.


### I.  Background

#### a.  Procedural History

This case involves an alleged slip and fall.  Plaintiffs Diane and Isa Ahmed bring this action against defendant Staretz, LLC d/b/a Prime Hyundai (hereinafter defendant).  Plaintiffs filed a single count complaint on October 28, 2015 alleging defendant breached its duty of care to Ms. Ahmed thereby causing her serious injuries.

Plaintiff served summons and complaint upon defendant's registered agent on September 29, 2015 and filed proof of service with the court on October 9, 2015.  Defendant failed to serve its answer within 20 days as required by M.R. Civ. P. 12 (a).  Pursuant to M.R. Civ. P. 55 plaintiffs sought an entry of default, which the Clerk granted on November 18, 2015.  Now before the court are defendant's motions to set aside entry of default and for leave to file late answer.

#### b.  Facts

On or about December 9, 2013 Ms. Ahmed visited defendant's place of business, Prime

1

Hyundai at 788 Portland Road in Saco, Maine. (Pl.'s Compl. ¶ 5.) Ms. Ahmed alleges when she attempted to walk from her car across the defendant's parking lot to its building she slipped and fell on snow and ice. (Pl.'s Compl. ¶¶ 7-8.) She further alleges that due to the fall she suffered serious injuries and incurred medical expenses and other damages. (Pl.'s Compl. ¶ 12.) Mr. Ahmed contends he suffered the loss of companionship, comfort, and society of his wife because of the defendant's alleged breach of duty. (Pl.'s Compl.¶¶ 3, 13.) Defendant maintains Ms. Ahmed was not seriously injured because she stated she was "okay" and then walked into its building under her own volition after she fell. (Def.'s Mot. to Set Aside Default at 2.)

Defendant reported the incident to its insurance carrier the day of the incident. (Gioia Aff. ¶ 2.) After being served, defendant's registered agent forwarded the summons and complaint to defendant on or about October 2, 2015 and informed defendant it had 20 days to respond to the complaint. (Gioia Aff. ¶¶ 3-4.) Defendant did not understand it needed to retain the agent and/or his firm as legal counsel in this matter and assumed the firm was preparing a response because the firm had represented defendant in the past. (Gioia Aff. ¶¶ 5-7.) Defendant was not aware it failed to file a timely answer until November 18, 2015 when it received plaintiff's request for entry of default. (Gioia Aff. ¶ 8.) Defendant then took steps to retain the firm as counsel in this matter. (Gioia Aff. ¶ 9.) Counsel then filed both motions five days later on behalf of defendant.

## II. Discussion

### a. Maine Rule of Civil Procedure 55

The court may set aside an entry of default upon a showing of good cause. M.R. Civ. P. 55(c). "The proponent of a motion pursuant to M.R. Civ. P. 55 (c) must show both a good excuse for untimeliness in pleading and also the existence of a meritorious defense." *Thomas v.*

2

*Thompson*, 653 A.2d 417, 419-20 (Me. 1995). The court may find there is a good excuse to set aside the default when the late filing does not involve gross neglect and it will not substantially prejudice the nondefaulted party. *See id.* at 420. This is because there is a strong preference that a case be decided upon its merits. *Id.* (citing *Wescott v. Allstate Ins.*, 397 A.2d 156 (Me. 1979)).

### i. Gross Negligence

Defendant was not grossly negligent when it failed to serve a timely answer.[1] Although defendant incorrectly assumed that the law firm would prepare and file a timely response, its course of conduct did not rise to the level of gross negligence. The law firm was defendant's registered agent and had represented defendant in prior legal matters. Defendant did not understand that the firm would not automatically represent defendant in this matter. As soon as defendant did so realize, it took affirmative steps to retain the firm, and the present motions were promptly filed.

### ii. Prejudice

The setting aside of the entry of default will not substantially prejudice the plaintiffs. The only prejudice alleged in their response to defendant's motion is the burden of having to prosecute this case, which they presumably were willing to undertake when it was initially filed. While defendant's failure to file a timely complaint slightly delayed this case moving forward, it does not work a substantial prejudice on the plaintiffs.[2]

### iii. Meritorious Defense

---

[1] Plaintiffs cite *Boit v. Brookstone Co.*, 641 A.2d 864, 865 (Me. 1994) in their response to defendant's motion. While plaintiffs correctly recite the law, facts, and holding of the case, it is important to note the Law Court also stated "another trial court could very well have found good cause for the delay and set aside the default, [but] we cannot say that the finding of no good cause was clearly erroneous or that the trial court's denial of the motion to set aside the default in this instance constitutes an abuse of discretion." Thus, the court is not bound by *Boit*.

[2] The court advises the parties that due to the court's transition to the Unified Criminal Docket there have been delays in the court's ability to hear cases.

For the purposes of determining whether defaulted party has a meritorious defense, the court accepts its account of facts supporting its defense as true. *Hart v. Terry L. Hopkins, Inc.*, 588 A.2d 1187, 1190 (Me. 1991). "The court examines the allegations of factual circumstances surrounding the dispute submitted by the moving party and determines whether the moving party's version of the facts and circumstances constitutes a defense to the opposing party's cause of action." *Id.* Here, defendant alleges it did not breach a duty because there was not enough snow to plow or shovel and alleges Ms. Ahmed was not seriously injured. The court taking these allegations as true finds defendants have shown the existence of a meritorious defense.

III.    Conclusion

In consideration of the abovementioned, defendant's motion to set aside default and motion for leave to file an untimely answer are both granted.

Therefore it is hereby ORDERED:

1.      The Clerk shall set aside the entry of default made November 18, 2015.

2.      Defendant will submit an answer to the complaint within **five days** of the entry ~~of~~ this order.
        receipt of the

3.      Pursuant to M.R. Civ. P. 16(b), parties shall propose an agreed to modified scheduling order for the efficient preparation of the case for trial within **21 days.** The proposed order shall include new deadlines for all those initially set in the standard scheduling order on November 3, 2015.

4.      Pursuant to M.R. Civ. P. 79(a), the clerk is directed to incorporate this Order by reference in the docket.

SO ORDERED.

DATE: October 6, 2016

_____
Hon. John O'Neil, Jr.
Justice, Superior Court

4