STATE OF MAINE
ANDROSCOGGIN, ss

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-21-34

SEP 24 '21 PM4:00
ANDRO SUPERIOR COURT

SLIPPERY ROCK TRAILS, LLC,

Plaintiff

ORDER AND DECISION

v.

CHRISTOPHER TARDIF, III,

Defendants

Before the Court is Defendant Christopher Tardif's (Tardiff) Motion to Lift Entry of Default and for Leave to File Answer filed June 14, 2021. Plaintiff Slippery Rock Trails, LLC (SRT) filed its objection to the motion on August 16, 2021, and Tardif filed its reply on September 7, 2021.[1] Tardif's motion is supported by his affidavit dated June 10, 2021 ("Tardif Aff. ¶__")

1. Facts

In it's complaint against Tardif, SRT has asserted claims of negligence, trespass, breach of contract, and also seeks a preliminary injunction, for damages arising out of a shared private sewer line. The complaint was served on Tardif on March 25, 2021, and filed with the court on April 5, 2021. Upon being served with the complaint, Tardif tender the claim to both his title insurance company and liability carrier. (Tardif Aff. ¶ 9). Tardif avers "Because I did not have experience with the court system or understand the obligations of insurance carriers to provide defense and/or indemnification of this matter, I did not understand that I was obligated to file an

---

[1] On July 12, 2021, there being no response to the motion to lift the default on file with the court, the court granted Tardiff's motion. SRT's counsel, however, did not receive the motion to lift the default. Hence, various consented motions to extend deadlines were filed by the parties, and the order lifting the default was vacated.

1

answer." (Tardiff Aff. ¶ 11). When Tardif was served with the complaint, in response to his inquiry as to how he should proceed, the sheriff told Tardif, "no court date has been set". (Tardif Aff. ¶ 8). Tardif retained counsel to represent him in this matter when his title insurance carrier denied coverage. (Tardif Aff. ¶ 12).

The answer to the complaint was due by April 14, 2021. No answer being filed by that date, on April 20, 2021, SRT filed with the court a request for a default and default judgment. A default was entered on April 29, 2021, but the request for a default judgment was denied as not a sum certain. On June 14, 2021, Tardif filed with the court the pending motion to lift the entry of default, two months to the day later than the date the answer was due.

In it's complaint, SRT alleges Tardif's use of the shared sewer line is causing damage to STR's property, and that Tardif refuses to remove himself from the line or help repair it. (Complaint, ¶¶16-18). Tardif avers in his affidavit that owners of the property prior to SRT had broken a portion of the shared sewer line, that SRT's property had been clogging and leaking since around 2000 because of a broken sewer trap in the basemen, and that SRT was made aware of the clogging and leaking at the time of purchase. (Tardif Aff. ¶¶4-6).

2. Standard of Review

Per M. R. Civ. P. 55(c), for good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b). *Thomas v. Thompson*, 653 A.2d 417, 419 (Me. 1995). The proponent of a motion pursuant to M.R. Civ. P. 55(c) must show both a good excuse for untimeliness in pleading and

also the existence of a meritorious defense. *Id.* Although the rule does not define good cause, the Law Court has provided some guidance that that while establishing good cause to set aside a default judgment requires a reasonable excuse for the default, establishing good cause to set aside an entry of default is less stringent. *Zigna v. Sullivan,* 2005 Me. Super.LEXIS 119, citing *Theriault v. Gauthier,* 634 A.2d 1255, 1256-57 (Me. 1993) There is strong preference for deciding cases on the merits, and consistent with this preference, motions to set aside a default have been granted in cases when no gross neglect was involved in the late filing, the non-defaulting party will not be substantially prejudiced by reopening the case, and a meritorious defense exists. *Thomas v. Thompson,* 653 A.2d at 420.

The law is well established that the party seeking to set aside a default entered pursuant to Rule 55(c) has the burden of establishing both a good excuse for his untimeliness in pleading to or defending an action against him and the existence of a meritorious defense to the action. *Hart v. Terry L. Hopkins, Inc.,* 588 A.2d 1187, 1190 (Me. 1991). A motion pursuant to Rule 55(c) takes into consideration two distinct components—justification for relief and a meritorious defense, and each component is framed and resolved differently. *Id.* The justification for relief component is litigated on the merits at the motion hearing, and the moving party must allege and prove good cause for failure to file a timely response. *Id.* The meritorious defense component is handled differently, in that it is not litigated at the motion hearing, but rather the moving party's version of the facts and circumstances supporting the defense are deemed to be true. *Id.*

3

3. Discussion

a. Good Cause

Upon being served, Tardif immediately forwarded the complaint to both his title insurance company and liability carrier. This strikes the court as a good faith effort to "do something" with the claim, even if he did not immediately take steps to file an answer. (See *Thomas v. Thompson,* 653 A.2d at 420-*the conscientiousness of the insured in seeking a timely response can mitigate the impact of this principle in a default situation.)* When the title insurance company denied the claim, Tardif then promptly acted and retained counsel. Given Tardif's assertions he was unfamiliar with the court system and obligations of insurance carriers, the court finds Tardif has shown a good excuse for his tardiness. In further support of this finding is that Tardif's motion to set aside the default was filed on June 14, 2021, just two months after the date an answer was due. (See *Zigna v. Sullivan,* 2005 Me. Super.LEXIS 119, where defendant's response was eight weeks tardy, and his excuse that he was "in and out of the State at that time" and he could not believe that Plaintiff could bring a suit against him was found by the court to be reasonable even if not the most persuasive.)

In addition, SRT's assertion of prejudice is not sufficiently persuasive. In essence, it's claim is it would not have sold the property at the price it did had had there not been an entry of default. SRT sold the subject property on June 21, 2021, unaware that Tardiff had moved the court to set aside the default. (SRT's Opposition to Mot. to Set Aside Entry of Default, p. 3). SRT asserts the sale price of the property reflected the entry of default, and that injunctive relief would benefit the purchaser, but the right to damages were retained by SRT. (Id.). The court does not find this reasoning persuasive. At the time of sale, a hearing on damages or on the preliminary injunction had not been requested or scheduled. Accordingly, tremendous

4

uncertainty remained as to the final outcome of this litigation, including amount and collectability. No injunctive relief had yet been ordered. Any sale while the litigation was in its present status seems to leave both SRT and the purchaser of the property with great uncertainty as to the final outcome of this dispute over the shared sewer line. It's difficult to quantify how setting aside the entry of default adds to that uncertainty.

As previously discussed, the courts have a strong preference for deciding cases on the merits. There being no evidence of gross neglect, and the court not finding substantial prejudice to SRT if the default is set aside, Tardif has met his burden of showing a good excuse for not timely filing a response.

b. Meritorious Defense

For the purpose of this motion, the court accepts the averments made by Tardif in his affidavit. The meritorious defense component is handled differently, in that it is not litigated at the motion hearing, but rather the moving party's version of the facts and circumstances supporting the defense are deemed to be true. *Hart v. Terry L. Hopkins, Inc.*, 588 A.2d 1187, 1190 (Me. 1991). Accepting Tardif's averments as true, the history of the leaking and clogging of the shared sewer line, SRT's prior knowledge of the existence of the problem, and each property owner's respective contribution to the problems remain questions of fact to be sorted out before liability can be found. Although the evidence may indeed parse out differently through discovery and at trial, based on the information presented Tardif has met his burden of showing the existence of a meritorious defense.

The entry shall be:

1.Defendant Christopher Tardif, III's Motion to Lift Entry of Default and for Leave to File Answer is granted; the default is vacated and set aside, and Defendant is to file an answer within 20 days.

2. The clerk is to issue a Standard Scheduling Order per M.R.Civ.P. 16(a) upon filing of the answer.

3. The clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

Dated: September 27, 2021

Harold L. Stewart, II
Justice, Superior Court

SLIPPERY ROCK TRAILS LLC - PLAINTIFF

Attorney for: SLIPPERY ROCK TRAILS LLC
THEODORE SMALL  - RETAINED
SKELTON TAINTOR & ABBOTT
500 CANAL STREET
LEWISTON ME 04240

vs
CHRISTOPHER TARDIF  - DEFENDANT

Attorney for: CHRISTOPHER TARDIF
TREVOR SAVAGE  - RETAINED 06/14/2021
NORMAN HANSON & DETROY LLC
PO BOX 4600
TWO CANAL PLAZA
PORTLAND ME 04112-4600

SUPERIOR COURT
ANDROSCOGGIN, ss.
Docket No   AUBSC-CV-2021-00034

DOCKET RECORD

Filing Document: COMPLAINT                    Minor Case Type: CONTRACT
Filing Date: 04/05/2021

## Docket Events:

04/05/2021 FILING DOCUMENT - COMPLAINT FILED ON 04/05/2021

04/05/2021 Party(s):  SLIPPERY ROCK TRAILS LLC
          ATTORNEY - RETAINED ENTERED ON 04/05/2021

04/05/2021 Party(s):  SLIPPERY ROCK TRAILS LLC
          ATTORNEY - RETAINED ENTERED ON 04/05/2021

04/05/2021 Party(s):  CHRISTOPHER TARDIF
          SUMMONS/SERVICE - CIVIL SUMMONS SERVED ON 03/25/2021

04/05/2021 Party(s):  CHRISTOPHER TARDIF
          SUMMONS/SERVICE - CIVIL SUMMONS FILED ON 04/05/2021

04/29/2021 Party(s):  SLIPPERY ROCK TRAILS LLC
          MOTION - AFFID & REQUEST DEFAULT/JUDG FILED ON 04/20/2021

04/29/2021 Party(s):  CHRISTOPHER TARDIF
          ORDER - DEFAULT ENTERED ON 04/29/2021
          AMY  CARMEN , ASSOCIATE CLERK
          ORDERED INCORPORATED BY REFERENCE AT THE SPECIFIC DIRECTION OF THE COURT.  COPIES TO
          PARTIES/COUNSEL

06/17/2021 Party(s):  CHRISTOPHER TARDIF
          MOTION - MOTION SET ASIDE/STRIKE DFAULT FILED ON 06/14/2021
          AND FOR LEAVE TO ANSWER COMPLAINT WITH PROPOSED ORDER

07/14/2021 Party(s):  CHRISTOPHER TARDIF
          MOTION - MOTION SET ASIDE/STRIKE DFAULT GRANTED ON 09/24/2021
          HAROLD  STEWART , JUSTICE
          COPIES TO PARTIES/COUNSEL