STATE OF MAINE

CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-02-126

STATE OF MAINE
Cumberland, ss, Clerk's Office
SUPERIOR COURT

MAY 13 2003

RECEIVED

CRAIG S. POOLER,

Plaintiff

v.

DAVE & CRAIG LANDSCAPPING, LLC
and DAVID L. LIZOTTE,

Defendants

ORDER

DONALD L. GARBRECHT
LAW LIBRARY

JUN 4 2003

Before this court are the Defendants' motion to set aside a default judgment pursuant to M.R.Civ.P. 55(c) and for leave to file a late answer with incorporated memorandum of law, and the Plaintiff's motion for default judgment pursuant to M.R.Civ.P. 55(b)(2).

## FACTS

In March 2000, Plaintiff Craig S. Pooler and Defendant David L. Lizotte formed a Maine limited liability company, Defendant Dave & Craig Landscaping, LLC. A year later, Plaintiff Pooler and Defendant Lizotte stopped working together, but did not dissolve Defendant Dave & Craig Landscaping, LLC. At that time the parties had differing opinions as to the distribution of the company's assets and liabilities. Plaintiff Pooler believed, among other things, that the abovementioned Defendants owed him $2,700.00 for equipment. As a

1

result, on March 18, 2002, Plaintiff Pooler filed an unverified complaint against the Defendants alleging the following: (Count I) derivative action, (Count II) equitable accounting, (Count III) dissolution, (Count IV) conversion, (Count V) breach of contract, (Count VI) breach of the covenant of good faith, and (Count VII) fraud and misrepresentation.

On February 28, 2002, Plaintiff Pooler had process served on the registered agent for Defendant Dave & Craig Landscaping, LLC. Plaintiff Pooler also tried to have process served on Defendant Lizotte. After the Cumberland County Deputy Sheriff made five unsuccessful attempts to serve process on Defendant Lizotte, Plaintiff Pooler filed a motion for alternative service pursuant to M.R.Civ.P. 4(d)(1), which this court granted on March 20, 2002. A week later, a Deputy Sheriff effected service on Defendant Lizotte by delivering the summons and complaint to his residence in Scarborough, Maine.

Defendant Lizotte failed to answer the complaint within the 20-day period set forth in M.R.Civ.P. 12(a). As a result, Plaintiff Pooler sought a default judgment, which the clerk of court entered against both Defendants on May 8, 2002. Then Defendant Lizotte died. On March 11, 2003, this court ordered that Alexandra Wentworth, Personal Representative of the Estate of David L. Lizotte, be substituted as a party in place of Defendant Lizotte.

## DISCUSSION

The standard of review for setting aside an entry of default pursuant to M.R.Civ.P. 55(c)[1] is an abuse of discretion. Hart v. Terry L. Hopkins, Inc., 588

---

[1] M.R.Civ.P. 55(c) provides in relevant part that "[f]or good cause shown the court may set aside an entry of default."

2

A.2d 1187, 1189-90 (Me. 1991). In the present motion, the burden is on the Defendants to establish (1) a good excuse for their untimely answer, and (2) a meritorious defense to Plaintiff Pooler's claims. Id. In the first part of the analysis, this court shall evaluate evidence from all parties before determining whether the Defendants have established good cause in fact. Id. Providing this court reaches the second part of the analysis, it will deem the Defendants' meritorious defense as true for purposes of the motion, but will go on to determine if the Defendants' elaboration of facts sufficiently supports the meritorious defense. Id.

In the present case, Defendant Lizotte argues that he had a good excuse for failing to file a timely answer, namely because he was in an accident involving a five thousand pound tractor that seriously injured his hand and leg, causing him so much pain that he became addicted to painkillers. As a consequence of his weakened physical and mental condition, Defendant Lizotte argues that he was unable to appreciate the significance of the being served process along with having to file an answer in a timely manner.

The Defendants contend that the law strongly prefers that the underlying case should be decided on the merits when the late filing of a pleading was not marked by gross neglect, when setting aside the default would not substantially prejudice the non-defaulting party, and when the defaulting party had a meritorious defense. See Thomas v. Thompson, 653 A.2d 417, 420 (Me. 1995). Notably, in the Thomas case, the defaulting party did everything reasonably possible to assure that an answer was timely filed. Id.

In the present case, however, Defendant Lizotte seemed intent on thwarting the judicial process. For example, Defendant Lizotte invited the

3

Deputy Sheriff to his house so that he could receive process, but when the Deputy Sheriff arrived less than ten minutes later Defendant Lizotte would not come to the door. In fact, the Deputy Sheriff had made five unsuccessful attempts to serve process on Defendant Lizotte, not to mention leaving three messages on his home answering machine, two messages on his cell phone voice mail, and two messages on his pager. Furthermore, two affidavits show that from the end of March through the end of June Defendant Lizotte had gone out to buy a mower and made fifteen trips for wholesale purchases at a nursery. In other words, Defendant Lizotte may have been in physical pain and under the influence of narcotics but this did not keep him from actively avoiding the Deputy Sheriff or attending to his business.

When this court weighs all of Defendant Lizotte's actions and considers his mental and physical condition, the facts developed in the record show that he was not incapacitated to the point of being unable to answer the complaint within 20 days. Because Defendant Lizotte did not have a good excuse this court need not to address whether the Defendants had a meritorious defense. Under normal circumstances, this court would deny the Defendants' motion to set aside the default and would grant Plaintiff Pooler's motion for default judgment.

In his complaint, Plaintiff Pooler invoked this court to use its equitable powers to provide him with appropriate relief. (Pl.'s Compl. ¶17.) However, when granting such relief this court is mindful of a well-known maxim: "He who seeks equity must do equity." Peaslee v. Pedco, Inc., 414 A.2d 1206, 1208 (Me. 1980). Upon a closer examination of Plaintiff Pooler's complaint it appears that he has failed to comply with the Rules of Civil Procedure. Of concern to this

court is that the Plaintiff has brought at least one derivative count, and yet has not filed a verified complaint.[2]

Essentially, Plaintiff Pooler has thrust this court into the position of determining which counts are direct and which are derivative. Such a determination is made more difficult by the fact that in Counts II through VII Plaintiff Pooler realleges and reaffirms the allegations set forth in the paragraphs of Count I, which Plaintiff Pooler has designated as derivative in nature. For purposes of this motion, Plaintiff Pooler has infused his derivative claim into all of his counts. As a matter of fairness, this court cannot allow Plaintiff Pooler's complaint to stand in its present form.

WHEREFORE, for reasons discussed above, this court shall **DENY** the Defendants' motion to set aside the default and for leave to file a late answer with incorporated memorandum of law, and shall **DENY** the Plaintiff's motion for default judgment. Consequentially, this court shall **GRANT** Plaintiff Pooler

---

[2] M.R.Civ.P. 23A which deals with derivative actions by shareholders, states:

> In a derivative action brought in the Superior Court by one or more shareholders or members to enforce a right of a corporation or of an unincorporated association, the corporation or association having failed to enforce a right which may properly be asserted by it, *the complaint shall be verified* and shall allege that the plaintiff was a shareholder or member at the time of the transaction of which the plaintiff complains or that the plaintiff's share or membership thereafter devolved on the plaintiff by operation of law. The complaint shall also allege with particularity the efforts, if any, made by the plaintiff to obtain the action the plaintiff desires from the directors or comparable authority and, if necessary, from the shareholders or members, and the reasons for the plaintiff's failure to obtain the action or for not making the effort. The derivative action may not be maintained if it appears that the plaintiff does not fairly and adequately represent the interests of the shareholders or members similarly situated in enforcing the right of the corporation or association. The action shall not be dismissed or compromised without the approval of the court, and notice of the proposed dismissal or compromise shall be given to shareholders or members in such manner as the court directs.

M.R.Civ.P. 23A (emphasis added).

5

10 days to amend his complaint so that it complies with the Rules of Civil Procedure and also **GRANT** the Defendants 10 days to answer the amended complaint.

Dated: May _13_, 2003

Roland A. Cole
Justice, Superior Court

WILLIAM NUGENT ESQ
PO BOX 4811
PORTLAND ME 04112

PAUL WATSON ESQ
PO BOX 1974
WINDHAM ME 04062