STATE OF MAINE                                           SUPERIOR COURT
CUMBERLAND, ss                                              CIVIL ACTION
                                                    DOCKET NO. CV-05-315


DIANE WHETHAN.,

       Plaintiff


v.                                                              ORDER


FREDERICK S. GRACIE,

       Defendant


       Before the court are motions by defendant Frederick Gracie to set aside a default

entered against him by the clerk on June 15, 2005 and to dismiss the complaint against

him on statute of limitations grounds.

       The file reflects that a summons and complaint were served on Gracie on May 16,

2005 and that the complaint was thereafter filed in the Clerk's office on May 27, 2005.

The complaint alleged that Gracie was responsible for injuries received in a motor

vehicle accident that had occurred on October 16, 1997.

       No answer having been filed by June 5, 2005, as required by the summons,

plaintiff Diane Whethan sought entry of a default on June 13, 2005 and a default was

entered by the Clerk on June 15, 2005. Two days later counsel for Gracie filed an answer

to the complaint. Four days after that, on June 21, 2005, counsel for plaintiff filed an

amended complaint, correcting the date of the alleged accident to August 27, 2003.

       On June 27, 2005 apparently recognizing that a default had been entered before

the answer was filed, counsel for Gracie moved to set aside the default and also moved

to dismiss the complaint on statute of limitations grounds, presumably unaware that an amended complaint had been filed in the interim.

Under Rule 55(c) the court can set aside a default for good cause shown. The movant must show both a good excuse for the untimeliness in pleading and the existence of a meritorious defense. See Thomas v. Thompson, 653 A.2d 417, 419-20 (Me. 1995).

In this case, the file and the affidavits submitted in support of the motion to set aside the default establish that (1) Gracie is 82 years old, (2) he suffers from lymphoma and occasional forgetfulness, (3) his daughter assists him with his personal affairs, (4) his daughter promptly took action to deal with the complaint as soon as she learned of it, (5) only two days passed between the entry of default and the filing of an answer, and (6) only 12 days passed between the entry of default and the filing of a motion to set that default aside. Under these circumstances, the court concludes that Gracie has shown an adequate excuse for the short delay involved. This is particularly true because the standard for showing good cause under Rule 55(c) is lower than the more exacting excusable neglect standard applicable under Rule 60(b) once a default judgment has been entered. See Erskine v. Commissioner of Corrections, 682 A.2d 681, 684 (Me. 1996).

To establish the existence of a meritorious defense for purposes of Rule 55(c), a party need not demonstrate that it will necessarily prevail on the merits but need only set forth facts which if proven at trial would constitute a viable defense. See Hamby v. Thomas Realty Associates, 617 A.2d 562, 564 (Me. 1992); Coon v. Grenier, 867 F.2d 73, 77 (1st Cir. 1989). In this instance a meritorious defense – statute of limitations – has clearly been established for the only complaint that was in effect at the time the default was entered. Moreover, Gracie's statement that he does not believe he was at fault (Affidavit

¶4) is sufficient to meet the low threshold of showing a potentially meritorious defense even if the amended complaint were to be deemed the operative pleading.

There is at least a question whether Whethan still had the right to amend her complaint as of right on June 21, once both a default had entered and an answer had been filed. To the extent necessary, the court grants leave to amend and will therefore deny Gracie's statute of limitations motion. Gracie now needs to file an answer to the amended complaint, and it is unclear whether that complaint has been served on counsel for Gracie. If service has not been made, counsel for Whethan shall serve counsel for Gracie with the amended complaint by mail within 5 days of the date of this order, and Gracie shall have 10 days thereafter to file an answer to the amended complaint.

In conclusion, the law does not favor defaults, and there is a strong preference for deciding cases on their merits. See Thomas v. Thompson, 653 A.2d at 420. In this case Whethan has not offered any suggestion or showing that she was prejudiced during the short period between the entry of default and Gracie's motion to set that default aside. Accordingly, the entry shall be:

> The motion by defendant Gracie to set aside the entry of default against him and for leave to file a late answer is granted. Gracie's motion to dismiss is denied. Plaintiff Whethan is granted leave to file an amended complaint, and Gracie shall file an answer to the amended complaint within 15 days from the date of this order.
> The clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

Dated: July 27, 2005

Thomas D. Warren
Justice, Superior Court

3

HARRY CENTER, ESQ.
707 SABLE OAKS DRIVE
SOUTH PORTLAND, ME 04106

Def

THOMAS DOWNING, ESQ.
PO BOX 3065
LEWISTON, ME 04243-3065

