STATE OF MAINE                                          SUPERIOR COURT
CUMBERLAND, ss.                                         CIVIL ACTION
                                                        Docket No. CV-08-463

BRIAN MACKOWIAK,

        Plaintiff,

v.                                              ORDER

MARJORIE JOHNSON, et al.,

        Defendants.


Before the court is defendant Marjorie Johnson's motion to set aside a default entered against her on September 12, 2008.

The file reflects that a summons was served on Johnson on August 5, 2008. She did not file a timely answer. On September 8, 2008 – 14 days after Johnson should have answered – plaintiff filed a request for entry of a default against Johnson. On September 12, 2008 the clerk entered Johnson's default. Six days later, on September 18, 2008, Johnson filed a motion to set aside the entry of default.

Under M.R.Civ.P. 55(c) the court may set aside an entry of default "for good cause shown." A party seeking to set aside a default must show both a good excuse for untimeliness in pleading and the existence of a meritorious defense.

On the issue of a meritorious defense, the version of the facts offered by the party seeking to set aside the default is deemed to be true. *Hamby v. Thomas Realty Associates*, 617 A.2d 562, 564 (Me. 1992). Moreover, a meritorious defense may be presented in a proposed pleading accompanying the motion to set aside the default. *Hart v. Terry L. Hopkins Inc.*, 588 A.2d 1187, 1190 (Me. 1998). In this case, the proposed answer filed by Johnson with her motion to set aside the default is sufficient to establish a meritorious defense for purposes of Rule 55(c).

On the issue of whether Johnson has demonstrated good cause under Rule 55(c), it bears emphasis that "good cause" is a less stringent standard than the "excusable neglect" standard that would have to be met under Rule 60(b)(1) if a judgment had been entered. *Erskine v. Commissioner*, 682 A.2d 681, 684 (Me. 1996). Under the circumstances here, Johnson has demonstrated that her failure to answer resulted from a misunderstanding as to whether her insurance carrier would provide a defense. Although counsel representing Johnson in her personal capacity has acknowledged that he briefly overlooked the deadline for filing an answer on her behalf when action by the insurer was not forthcoming, there is no indication that Johnson herself was in any way dilatory and her personal counsel's actions do not rise to the level of gross negligence.

Accordingly the court concludes that Johnson has shown good cause for the default. This is particularly true because Johnson's motion to lift the default was made only six days after the default was entered and less than a month after Johnson's answer was originally due, and plaintiff has not demonstrated any prejudice whatsoever from the brief delay.

Motions to set aside defaults have been granted where no "gross neglect" was involved in the late filing, where the opposing party has not been substantially prejudiced by the delay, and where a meritorious defense for purposes of Rule 55(c) has been shown. *Thomas v. Thompson*, 653 A.2d 417, 420 (Me. 1995). No gross neglect has been shown here. In addition, there is a strong preference for deciding cases on their merits. *Thomas v. Thompson*, 653 A.2d at 420; *Wescott v. Allstate Insurance Co.*, 397 A.2d 156, 163 (Me. 1979).

The entry shall be:

2

Defendant Marjorie Johnson's motion to set aside the September 12, 2008 entry of default against her is granted. The clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

DATED:    October 21, 2008

_____
Thomas D. Warren
Justice, Superior Court

3

= COURTS
nd County
ox 287
1e 04112-0287

PETER CLIFFORD ESQ
56 PORTLAND ROAD
KENNEBUNK ME 04043

*Plaintiff*

)F COURTS
land County
Box 287
1ine 04112-0287

WILLIAM KANY ESQ
PO BOX 1179
SACO ME 04072

*Marjorie Johnson*

COURTS
1d County
0x 287
e 04112-0287

ROBERT HATCH ESQ
PO BOX 4630
PORTLAND ME 04112

*Jonathan Stone*