STATE OF MAINE                                    SUPERIOR COURT
CUMBERLAND, ss.                                   CIVIL ACTION
                                                  DOCKET NO: RE-08-179

SUSANNE RICHTER

                    Plaintiff
                                                  ORDER
        v.

WALTER ERCOLINI, and
JAYNE ERCOLINI

                    Defendants


        This case comes before the Court on Defendants' Motion to Vacate Entry

of Default pursuant to M.R. Civ. P. 55(c).

                              BACKGROUND

        Plaintiff Susanne Richter owns a parcel of land located in Gray, Maine,

which abuts property owned by Defendants Walter and Jayne Ercolini. Ms.

Richter alleges that the Ercolini's have maintained and extended a rock wall that

encroaches on her property by approximately seven (7) feet. She alleges that this

encroachment is a result of a faulty land survey, conducted by Cullenberg Land

Surveying, which incorrectly identifies the boundary between the properties.[1]

Ms. Richter also alleges that the Defendants wrongfully moved a boundary

marker one foot closer to her property.

---

[1] Ms. Richter alleges that the Cullenberg survey is inaccurate because it fails to take into account a 10-foot right-of-way located on another portion of her property. Further, Ms. Richter hired Northeast Civil Consultants to survey her land, and she argues that the map prepared by Northeast accurately reflects the boundary between the two properties.

Ms. Richter filed a complaint on August 11, 2008 asking the court to issue a declaratory judgment declaring: (1) the Cullenberg survey void based on its failure to acknowledge the alleged right-of-way; (2) the true common boundary between the two properties; and finally, (3) the rock wall and garden to be encroaching on her property. Ms. Richter also alleges injury to land[2] and trespass as causes of action.

The Defendants were served with the summons and complaint at their home in Amesbury, Massachusetts on August 29, 2008 by an Essex County sheriff's deputy. The Ercolini's answer, while dated September 15, 2008, was not filed with the court until September 24, 2008. Pursuant to M.R. Civ. P. 55(a), the clerk entered an entry of default on September 25, 2008. On September 30, 2008, the Ercolini's filed the present motion to vacate the entry of default, simply stating that they "live out-of-state and mailed [their] Answer to the Court and Plaintiff's attorney in what [they] believed to be a timely manner." On October 8, 2008, Ms. Richter filed an application for default judgment.

## DISCUSSION

Under Me.R. Civ. P. 55(c), a court may set aside an entry of default "for good cause." In order to establish good cause, "a party must show a good excuse for his or her untimeliness and a meritorious defense." *Truman v. Browne*, 2001 ME 182, ¶ 9, 788 A.2d 168, 170. The Law Court has held that "[t]here is a strong preference in our law for deciding cases on the merits. *Thomas v. Thompson*, 653 A.2d 417, 420 (Me. 1995). Consistent with this preference, motions to set aside a

---

[2] Pursuant to 14 M.R.S.A. §7552. Under this statute, without permission of a property owner, a person may not "disturb, remove or destroy any lawfully established transit point, reference point, stake . . . or any such monument marking the bounds of public or private property." 14 M.R.S.A. §7552(2)(C).

2

default have been granted in cases when no gross neglect was involved in the late filing, the nondefaulting party will not be substantially prejudiced by reopening the case, and a meritorious defense exists." *Id.*

According to the Law Court, the foundation of a good excuse for a party's untimeliness is a reasonable explanation for that untimeliness. *Levine v. KeyBank Nat'l Ass'n*, 2004 ME 131, ¶ 7, 861 A.2d 678, 684. Here, the only explanation offered by the Ercolini's is that they filed their answer "in what they believed to be a timely manner." This is not a reasonable excuse for their untimeliness. Moreover, the Defendants' motion fails to raise any meritorious defense they may have against Ms. Richter's alleged causes of action.

As they have not provided a good excuse for their untimeliness and failed to raise any meritorious defenses, Defendants' motion to set aside entry of default should be denied.


**Therefore, the entry is:**

Defendants Walter and Jayne Ercolini's Motion to Set Aside Entry of Default is **DENIED.**

The clerk shall incorporate this Order into the docket by reference pursuant to M.R. Civ. P. 79(a).


DATED: July 6, 2009

Roland A. Cole
Justice, Superior Court

3

GENE LIBBY ESQ
62 PORTLAND ROAD SUITE 17
KENENBUNK ME 04043

— P1

WALTER AND JAYNE ERCOLONI
21 WHITTIER ROAD
AMESBURY MA 01913