STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
Docket No. CV-12-233
*J-CVII - 7/12/2012*

BRETT CANNEY, et al,

Plaintiffs

v.

ORDER

ALBERT MOORE,

STATE OF MAINE
Cumberland, ss. Clerk's Office

JUL 12 2012

RECEIVED

Defendant

Before the court are four matters that appear to have been fully submitted: (1) a request for the entry of a default against defendant Albert Moore; (2) a pro se motion by Moore for an extension of time in which to answer; (3) a motion by plaintiffs Brett and Michael Canney for an attachment; and (4) a motion to dismiss filed by counsel for Moore.

1. Request for Default and Motion for Extension

The complaint in this case was filed on May 18, 2012, along with a motion for an attachment in the amount of $ 188,040.

On June 14, 2012 counsel for plaintiff filed a request for the entry of a default. That request represented that defendant had been served on May 23, 2012.[1] However, at that time no return of service was contained in the file.

On June 19, counsel for plaintiff filed a return of service confirming that service of the summons and complaint had been made on May 23. However, on the same date

---

[1] Plaintiff was therefore seeking entry of a default two days after the deadline for serving an answer had expired.

Moore filed a pro se answer, along with a pro se motion for an extension of time in which to answer.[2] Both the motion and the answer appear to have been drafted with assistance. In that motion Moore stated, inter alia, that he was elderly, functionally illiterate, had minimal financial support, and was without an attorney at that time. Moore's answer and motion were filed seven days beyond the deadline.

On June 22, 2012 Charles Taitt, Esq. filed an entry of appearance and a motion to dismiss on behalf of Moore. Subsequently counsel for plaintiffs filed an opposition to Moore's pro se motion for an extension and attorney Taitt filed an opposition to the request by plaintiffs for entry of a default.

The court finds that Moore has shown excusable neglect for his seven day delay in filing an answer and therefore grants Moore's June 19 motion for an extension of time and accepts his answer as timely filed. Plaintiffs argue that no excusable neglect has been shown because there is evidence in the record that Moore consulted an attorney before his deadline for answering. However, that attorney was unable to represent Moore because the attorney was a potential witness to the transaction that forms the basis for certain of plaintiffs' claims, and Moore's consultation with that attorney demonstrates that Moore was not ignoring the case but was diligently attempting to determine how to defend the action.

For purposes of this motion, the court also accepts Moore's assertions that he is elderly and functionally illiterate and notes that the allegations of the complaint that

---

[2] Because there was an answer in the file by the time the return of service was filed, the clerk's office did not enter a default. At that time it could not certify that the defendant had failed to plead or otherwise defend. See Form CV-061. The remedy in such cases, where a late answer has been filed, is for the party seeking a default to move to strike the answer and then have a default entered. For the reasons set forth in this order, no point would be served by such a motion in this case.

2

Moore has had emotional problems lend some credence to the proposition that he would have more difficulty than an average person in responding to this lawsuit.

In addition, under the circumstances of this case it would be very hard to sustain a default given Moore's relatively short delay in answering, the absence of any apparent prejudice to plaintiffs, the strong preference in Maine law for deciding cases on their merits, see, e.g., Thomas v. Thompson, 653 A.2d 417, 420 (Me. 1995), and the fact that Moore has now appeared and is prepared to defend the action.


2. Motion for Attachment

Plaintiffs filed a motion for attachment with their complaint. No opposition has been filed to that motion, but there is no evidence in the file that the motion was served on Moore. The return of service lists only the summons and complaint as having been served and does not indicate service of the attachment motion.

If plaintiffs wish to pursue that motion, they shall serve a copy of the motion on the attorney who has now appeared for Moore. However, in view of Moore's affidavit stating that he has not received any part of the bequest that forms the basis for count I of the complaint, it is not clear what purpose an attachment would serve. Accordingly, the motion for an attachment is denied without prejudice to renewal and without prejudice to any motion that the plaintiffs might file to have $ 188,040 of any bequest amounts received by Moore placed in escrow to await the outcome of this case.


3. Motion to Dismiss

Moore's motion to dismiss argues that because no bequest amounts have been received, this action is premature. This fails for a number of reasons. First, the motion is not based on the pleadings but relies on facts outside of the pleadings. If the court were

3

to treat the motion as a motion for summary judgment, moreover, it would be denied. Whether or not Moore has received any portion of the bequest, this action is not premature because plaintiffs have adequately alleged an anticipatory repudiation of Moore's agreement. Finally, counts II, III, and IV of plaintiffs' complaint do not depend on whether a bequest is received and this action would proceed regardless of the outcome of the breach of contract claim.

Counsel for Moore has also filed a motion for further briefing and a hearing on the default and motion for enlargement of time issue. In light of this order, that motion is moot.

The entry shall be:

Plaintiffs' application for entry of a default is denied. Defendant's motion for an extension of time to answer the complaint is granted and his answer filed June 19 is accepted as timely filed.

Plaintiffs' motion for an attachment is denied without prejudice to renewal upon a showing that defendant has received the bequest at issue and without prejudice to a motion seeking other relief, such as an order placing a portion of any bequest received in escrow.

Defendant's motion to dismiss is denied.

The Clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

Dated: July __12, 2012

_____
Thomas D. Warren
Justice, Superior Court

4

----------------------------------------------------------------------

01 0000002300            CAMPBELL, JOHN S
    59 BAXTER BOULEVARD PORTLAND ME 04101

| F | BRETT M CANNEY | PL | RTND | 05/18/2012 |
|---|---|---|---|---|
| F | MICHAEL CANNEY | PL | RTND | 05/18/2012 |

02 0000004324            TAITT, CHARLES W
    374 MAIN STREET SACO ME 04072

| F | ALBERT E MOORE | DEF | RTND | 06/22/2012 |
|---|---|---|---|---|

STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
Docket No. CV-12-233
TDW-CUM - 5/16/2013

BRETT CANNEY, et al,

     Plaintiffs

v.

     ORDER

ALBERT MOORE,

     Defendant

Before the court are (1) a motion by defendant Albert Moore for partial summary judgment dismissing the claims for breach of contract, unjust enrichment, and quantum meruit filed by plaintiffs Brett and Michael Canney (counts I, II, and III of the complaint) and (2) a motion by the Canneys for partial summary judgment finding Moore liable on the defamation claim by Brett Canney (count IV of the complaint) and striking Moore's defense that he lacked the mental capacity to enter into the contract sought to be enforced by the Canneys.

Summary judgment should be granted if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. In considering a motion for summary judgment, the court is required to consider only the portions of the record referred to and the material facts set forth in the parties' Rule 56(h) statements. E.g., Johnson v. McNeil, 2002 ME 99 ¶ 8, 800 A.2d 702. The facts must be considered in the light most favorable to the non-moving party. Id. Thus, for purposes of summary judgment, any factual disputes must be resolved against the movant. Nevertheless, when the facts offered by a party in opposition to summary judgment would not, if offered at trial, be sufficient to withstand a motion for judgment as a matter of law,

summary judgment should be granted. Rodrigue v. Rodrigue, 1997 ME 99 ¶ 8, 694 A.2d 924.

Defendant's Motion

Defendant Moore's motion for summary judgment is based on three arguments. The first is that the Canneys' breach of contract, unjust enrichment, and quantum meruit claims are barred by failure of consideration and indefiniteness. The second argument is that the contract violated public policy because it called for the Canneys to perform legal services and they are not lawyers. The third argument is that the contract sought to be enforced by the Canneys is unconscionable.

With the possible exception of the public policy argument, Moore's arguments – even if successful – would only apply to the Canneys' contract claims and not to their claims for unjust enrichment and quantum meruit. In any event, however, all of the arguments raised by Moore founder on the principle that all inferences on a motion for summary judgment must be drawn in favor of the party opposing summary judgment.

The court concludes that there are disputed issues for trial as to whether the contract was supported by consideration, whether the contract was sufficiently definite to be enforced, whether the contract violated public policy, and whether the contract was unconscionable. In this connection, the court would add that, at least on the summary judgment record, it does not appear there would be enough evidence to submit the public policy argument to the jury because there is no evidence that the Canneys were themselves offering to perform legal services.[1]

---

[1] Moore seems to be arguing that the services of a lawyer would have been necessary to achieve the result sought by the alleged contract. That may be relevant to Moore's argument that the Canneys did very little and – because they were not lawyers – achieved even less. However,

2

Plaintiffs' Motion – Defamation

On the issue of defamation, the court concludes that Moore's testimony that he saw Brett Canney scrape off and sell inspection stickers is alone sufficient to raise a disputed issue for trial as to the truth of Moore's admitted statements about Brett Canney's business that "they are not exactly honest over there."[2] As a result, the court does not have to reach Moore's other arguments on this issue – including Moore's argument that statements by Brett Canney in connection with the contract the Canneys are now seeking to enforce also provided Moore with a basis to question Brett Canney's honesty.[3]

Plaintiff's Motion – Lack of Mental Capacity

A closer question is presented on the Canneys' motion to strike the defense that Moore lacked the mental capacity to enter the contract that the Canneys seek to enforce.

It is well settled a person who manifests assent to a transaction has full legal capacity to incur contractual obligations unless the person is (a) under guardianship, (b) an infant, (c) mentally ill or defective, or (d) intoxicated. Restatement (Second) of Contracts § 12(2). In this case the only issue raised with respect to Moore relates to his mental capacity.

---

that does not mean that the Canneys themselves either engaged in the unauthorized practice of law or themselves offered to perform legal services.

[2] Not raised on this motion is whether an allegedly defamatory communication stating that "they" are not exactly honest should be construed as applying to Brett Canney. That is also an issue for trial. See Restatement Second Torts § 564.

[3] The latter issue may depend in part on whether the defamatory statements were made before any dispute arose about the contract – an issue that is not clear on the summary judgment record.

3

That issue turns on section 15 of the Restatement (Second) of Contracts, which provides in pertinent part as follows:

> (1) A person incurs only voidable contractual duties by entering into a transaction if by reason of mental illness or defect
>
> (a) he is unable to understand in a reasonable manner the nature and consequences of the transaction, or
>
> (b) he is unable to act in a reasonable manner in relation to the transaction and the other party has reason to know of his condition.

The Law Court has looked to Restatement section 15 when contractual issues of mental competency have been raised. See Estate of Marquis, 2003 ME 71 ¶¶ 14-15, 822 A.2d 1153.

The Canneys argue that the evidence fails to demonstrate a disputed issue for trial as to whether by reason of mental disease or defect Moore was unable to understand the nature and consequences of the transaction or to act in a reasonable manner in relation to the transaction. On that issue the Canneys have submitted considerable (and in many cases undisputed) evidence that, whatever his limitations may be, Moore has entered into numerous contracts and has demonstrated a significant capacity to manage his own affairs. See Plaintiffs' Statement of Material Facts (SMF) dated April 8, 2013 ¶¶ 49 – 51 (admitted), 52-53 (qualified in part), 54 (admitted), 56 (essentially admitted).

However, counsel for Moore has submitted deposition testimony from a psychologist who states that, although Moore does not have any mental illness, he does have "executive function deficits" which impair his judgment. This appears to raise a factual issue as to whether Moore has a mental defect within the meaning of Restatement section 15(1).

4

Evidence of a mental defect is not alone sufficient to generate a factual issue for trial because Moore also has to submit evidence that, by reason of his mental defect, he was either unable to understand the nature and consequences of the transaction or that he was unable to act in a reasonable manner with respect to the transaction.[4]

On the question whether Moore was unable to understand the nature and consequences of the transaction, Dr. Kessler's deposition testimony was to the effect that Moore's ability to understand would depend on what the contract stated and how much explanation and assistance Moore was given. Similarly Dr. Kessler testified that Moore did not have the ability to act "consistently" in a reasonable manner, but Dr. Kessler could not express an opinion as to any particular transaction without knowing all the facts. Kessler Dep. 56. Dr. Kessler acknowledged that he had not been provided with all of the pertinent facts and that he had not assessed Moore's mental state at the time Moore entered into the contract that the Canneys are seeking to enforce. Kessler Dep. 56-57.

In the court's view, the gist of Dr. Kessler's testimony is not that Moore lacked the ability to understand the transaction or the ability to make reasonable decisions relating to the contract. Rather his testimony is that Moore's ability to understand and to make reasonable decisions was "limited" or "compromised" and could have been affected by the circumstances. As Dr. Kessler agreed, there many people whose reasoning abilities are limited in some way and who enter into contracts all the time. Kessler Dep. 55.

---

[4] On the second issue – inability to act in a reasonable manner with respect to the transaction – Moore would also have to show that the Canneys had reason to know of that inability. See Restatement § 15(1)(b). However, that would be an issue for trial.

5

Nevertheless, the comments to section 15 of the Restatement suggest that a person can lack mental capacity with respect to some transactions even if they otherwise possess the mental capacity to enter other transactions. See, e.g., Section 15 comment b, quoted in part in Estate of Marquis, 2003 ME 71 ¶15. Elsewhere the Restatement suggests that there can be "partial incapacity" as well as full incapacity. See Restatement (Second) of Contracts, section 12, comment a.

In light of the above authority, and recognizing the principle that evidence must be construed in favor of the party opposing summary judgment, the court concludes that Moore has demonstrated the existence of an issue for trial with respect to whether he lacked the mental capacity to enter the contract in question.

The entry shall be:

Defendant's motion for partial summary judgment is denied in all respects. Plaintiffs' motion for partial summary judgment is also denied in all respects. The Clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

Dated: May _16_, 2013

Thomas D. Warren
Justice, Superior Court

6

BRETT M CANNEY VS ALBERT E MOORE
CASE #:PORSC-CV-2012-00233

---------------------------------------------------------------------

SEL VD                         REPRESENTATION TYPE     DATE
01 0000002300 ATTORNEY:CAMPBELL, JOHN S
ADDR:59 BAXTER BOULEVARD PORTLAND ME 04101
   F FOR:BRETT M CANNEY               PL      RTND  05/18/2012
   F FOR:MICHAEL CANNEY               PL      RTND  05/18/2012

02 0000004324 ATTORNEY:TAITT, CHARLES W
ADDR:374 MAIN STREET SACO ME 04072
   F FOR:ALBERT E MOORE               DEF     RTND  06/22/2012

03 0000004337 ATTORNEY:BERRYMENT, CHRISTOPHER S
ADDR:225 RIVER ROAD LOT #3 MEXICO ME 04257
   F FOR:ALBERT E MOORE               DEF     RTND  12/19/2012