STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-12-137
*TDW - CUM 10/30/2017*

LEYLA ALI,

Plaintiff

v.

ALEXANDER DAUGHERTY,

Defendant

STATE OF MAINE
Cumberland ss., Clerk's Office

OCT 30 2012

RECEIVED

ORDER

Before the court is defendant Alexander Daugherty's motion to set aside an entry of default.

In this case Daugherty was served on March 8, 2012. Under M.R.Civ.P. 12(a) and the instructions on the summons his answer should have been served on or before March 28, 2012.[1] No answer was served by that date and on April 5, 2012 (8 days after an answer should have been served) counsel for plaintiff filed an application for the entry of a default. The clerk entered Daugherty's default on April 9, 2012.

Two days later, on April 11, 2012 (two weeks after an answer should have been served) an attorney representing Daugherty served and filed an answer to the complaint. It is unclear when counsel for Daugherty became aware that a default had been entered but that occurred sometime in the next several months because on June 22, 2012 Daugherty filed a motion to set aside the entry of default with a motion to allow the filing of the late answer.

Daugherty's motion includes an affidavit from Erin Bornholm, an adjuster who works for Daugherty's insurer, which states that the insurer had cooperated with

---

[1] Neither the rule nor the summons require that an answer be filed (as opposed to served) within 20 days, although the summons does instruct parties that answers should be filed within a reasonable time after service.

plaintiff's counsel by confirming Daugherty's address before service was made. Bornholm's affidavit also states that at that time the insurer had left a voice mail for Daugherty warning him to be alert for service. According to Bornholm's affidavit, Daugherty had called the insurer on March 26 to state that he had received service on that date.[2] At that point a timely answer would have to have been served two days later, but the insurer understood that the deadline was April 17. Bornholm's affidavit states that she personally contacted counsel for plaintiff on April 3, 2012. Her affidavit indicates that she was not informed at that time that Daugherty had been served on March 8 or that counsel for plaintiff was about to file an application for the entry of a default.

On a motion pursuant to Rule 55(c) the moving party must show a good excuse for the untimeliness in pleading and the existence of a meritorious defense. E.g., Thomas v. Thompson, 653 A.2d 417, 419-20 (Me. 1995). Motions to set aside defaults have been granted in cases where no "gross neglect" was involved in the late filing, where the nondefaulting party will not be substantially prejudiced, and where a meritorious defense exists. Id., 653 A.2d at 420, citing 10 C. Wright, A. Miller & M.Kane, Federal Practice and Procedure: Civil § 2696 (1983).

In this case, given that a default was sought after only eight days, given that an answer was served and filed only two days after the default was entered, and given that the adjuster was not informed on April 3 that her insured had defaulted and that plaintiff was about to request the entry of a default, the court would not find that any "gross neglect" existed with respect to the late filing. Moreover, nothing in the record indicates that plaintiff was prejudiced by the short delay.

---

[2] Since service had actually been made on March 8, it is unclear whether Daugherty gave his insurer the wrong service date or whether the person who received his call misunderstood Daugherty and entered the wrong service date. The outcome of the instant motion does not turn on this issue.

2

---------------------------------------------------------------------

01 0000002989              MCNAUGHTON, JOY C
     130 MIDDLE STREET PORTLAND ME 04101
     F      ALEXANDER W DAUGHERTY                    DEF     RTND    04/11/2012

02 0000009607              BIGOS, MICHAEL T
     129 LISBON STREET PO BOX 961 LEWISTON ME 04243-0961
     F      LEYLA ALI                               PL      RTND    03/16/2012