STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-19-368

VK YARMOUTH LLC, Personal Representative
of the Estate of WYONNE O. RICHARDSON,

Plaintiff

v.                                                          ORDER

RECD CUMB CLERKS O
MAR 18 20 PM4:21

DANIEL P. McINTYRE,

Defendant        **Plaintiff–David Dubord, Esq.**
                 **Defendant–J. Jason Heinze, Esq.**

Since this court's January 30, 2020 order, plaintiff VK Yarmouth LLC, as Personal

Representative of the Estate of Wyonne Richardson (hereafter the "Estate"), has filed a motion to

strike the answer of defendant Daniel McIntyre filed on January 23 as untimely and McIntyre has

filed a motion to set aside the default entered against him on January 14, 2020.

The filings of the parties include some accusatory language but the court does not have to

reach the issues that are the subject of the accusations in order to determine that on this record

McIntyre has demonstrated a sufficient excuse for filing his answer approximately three weeks

after the 20-day deadline.[1] This was a relatively short delay given the apparent difficulties

occasioned by McIntyre's presence in Brazil.

Under Rule 55(c) the court can set aside a default for good cause shown. To establish good

cause, the moving party must show a good excuse for the untimeliness in pleading and the

---

[1] This assumes that the 20 day deadline was applicable as opposed to the 50 day deadline for persons
served outside of the U.S. *See* M.R.Civ.P. 12(a). McIntyre appears to have resided in Brazil during the
relevant time period here but may not have been technically entitled to the 50 days because pursuant to
the court's alternate service order he was served in the U.S. as well as in Brazil.

existence of a meritorious defense. *E.g., Truman v. Browne,* 2001 ME 182 ¶ 9, 788 A.2d 168, 170; *Thomas v. Thompson,* 653 A.2d 417, 419-20 (Me. 1995). Courts have also looked to whether the opposing party has been prejudiced by the delay, and the standard under Rule 55(c) is less stringent than the "excusable neglect" standard that would have to be met under Rule 60(b)(1) if a default judgment had been entered. *See* 653 A.2d at 420 n. 2.

In this case, as noted above, the court has found a sufficient excuse for McIntyre's delay. Moreover, the court also concludes that McIntyre has shown a sufficiently meritorious defense to justify relief. To establish the existence of a meritorious defense for purposes of Rule 55(c), a party need not demonstrate that it will necessarily prevail on the merits but need only set forth facts which if proven at trial would constitute a viable defense. *See Hamby v. Thomas Realty Associates,* 617 A.2d 562, 564 (Me. 1992); *Coon v. Grenier,* 867 F.2d 73, 77 (1st Cir. 1989). Those facts may be set forth by affidavit or in the defaulting party's proposed pleading, and the moving party need not set forth admissible evidence at this stage. *Hart v. Terry L. Hopkins Inc.,* 588 A.2d 1187, 1190 (Me. 1991). In this case, McIntyre's answer and his affidavit set forth defenses that are sufficient to meet the low standard of meritoriousness under Rule 55(c). The Estate has not demonstrated any prejudice.

Finally, where McIntyre has answered and is prepared to contest the litigation, striking the answer and upholding the default would also be inconsistent with the strong preference in Maine law for deciding cases on their merits. *Thomas v. Thompson,* 653 A.2d at 420.

McIntyre has appeared by counsel, and the court anticipates that he will remain in close touch with his counsel so that any future difficulties that might otherwise occur because of the difficulty in communicating with him in Brazil will not unduly impact this litigation.[2]

The entry shall be:

Plaintiff's motion to strike is denied. Defendant's motion to set aside the default is granted and defendant's answer filed January 23, 2020 is accepted. Plaintiff shall have 20 days in which to file a Reply to defendant's counterclaims. The clerk shall incorporate this order in the docket by reference pursuant to Rule 79(a).

Dated: May 18, 2020

_____
Thomas D. Warren
Justice, Superior Court

Entered on the Docket: 05/19/20

---

[2] In light of this ruling, the court does not need to reach McIntyre's suggestion that it should revisit its order authorizing alternate service. It does agree that such orders, obtained against a party who has not had an opportunity to be heard, may be reconsidered once that party appears.

3