STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-20-333

WRE COMMERCIAL BROKERS,
LLC,

      Plaintiff

v.

ORDER ON MOTION TO
SET ASIDE DEFAULT

J&J GOVE DEVELOPMENT, LLC;
DIRIGO CENTER DEVELOPERS,
LLC;
WATERSTONE WESTBROOK, LLC;
WATERSTONE PROPERTIES
GROUP, INC. formerly known as
WATERSTONE RETAIL
DEVELOPMENT, INC.,

      Defendants

The motion before the court comes from Defendants Waterstone Westbrook, LLC and Waterstone Properties Group, Inc., (collectively "Waterstone"), who move to set aside the entry of default and an enlargement of time to respond to the complaint filed by WRE Commercial Brokers, LLC ("WRE").

Background

On August 10, 2020, WRE filed this lawsuit seeking payment of certain commissions allegedly owed pursuant to an Exclusive Right to Sell or Lease Agreement ("Listing Agreement"). (Mot. at 1.) This agreement was initially between the first named defendant, J&J Gove Development, LLC and WRE. WRE also alleges that the Waterstone defendants are subject to these agreements for different reasons. *Id.* With respect to Waterstone Westbrook, WRE alleges that it assumed the obligations under the listing agreement, which it alleges Waterstone Properties Group guaranteed. *Id.*

1

Waterstone was served with a copy of the summons and complaint on August 17 and 18, 2020. They did not file an answer or prosecute this case within the 20-day time period allowed for in the summons. On September 18, 2020, WRE filed an application for Entry of default against the Waterstone defendants. The clerk entered a default on September 25, 2020. Waterstone then filed this motion to set aside that entry of default on September 30, 2020.

Standard

Per M.R. Civ. P. 55(c), for good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b). *Thomas v. Thompson*, 653 A.2d 417, 419 (Me. 1995). The proponent of a motion pursuant to M.R. Civ. P. 55(c) must show both a good excuse for untimeliness in pleading and also the existence of a meritorious defense. *Id.* Although the rule does not define good cause, the Law Court has provided some guidance that while establishing good cause to set aside a default judgment requires a reasonable excuse for the default, establishing good cause to set aside an entry of default is less stringent. *Zigna v. Sullivan*, 2005 Me. Super. LEXIS 119, citing *Theriault v. Gauthier*, 634 A.2d 1255, 1256-57 (Me. 1993). There is a strong preference for deciding cases on the merits, and consistent with this preference, motions to set aside a default have been granted in cases when no gross neglect was involved in the late filing, the nondefaulting party will not be substantially prejudiced by reopening the case, and a meritorious defense exists. *Thomas v. Thompson*, 653 A.2d at 420.

Good Cause

The parties do not materially differ on the facts relevant to this motion, they merely disagree as to whether those facts amount to good cause to set aside the entry of default against Waterstone. Inside counsel for Waterstone, Ann Marie Langan, responded promptly to the

2

complaint when she received it on September 23, 2020. The long delay seems to be primarily due to Managing Director for Waterstone, Michael Sewall's, failure to forward the complaint to Langan.

Sewall lists many reasons for his delay. Waterstone is apparently struggling while in the midst of the pandemic and its effect on the commercial real estate business, and missing many core personnel, including a General Counsel. As a result, Sewall's list of job duties has apparently grown dramatically, causing him a great deal of stress. Sewall is not experienced with court procedures and states that he did not know that there was a specific deadline to respond to the complaint, or when it had been served. Furthermore, he seemed to be under the impression that an informal solution could be worked out with WRE without recourse to the courts.

The court will credit Sewall's explanation. While he was perhaps negligent in failing to forward the complaint and summons to inside counsel, in light of all of the circumstances the court does not find him to be *grossly* negligent. No judgment by default has entered yet, and WRE will not be prejudiced by a reopening this case and deciding it on the merits, which the court reemphasizes Maine's strong preference for. Furthermore, the timeline is very short. WRE filed its application for default approximately 12 days after the date an answer was due. And only 5 days passed between the entry of default and Waterstone's motion and the court has no reason to believe that the delay was in bad faith. There is good cause to set aside the entry of default.

Meritorious Defense

As for the meritorious defense, the court will credit the affidavit of Ann Marie Langan. Without reaching the merits, it seems that there are genuine issues to litigate in this case with respect to the commission actually owed to WRE. In light of how there will be no meaningful

3

prejudice to WRE from reopening this case, the court will set aside the entry of default and grant leave to file an answer.

The entry is

> Waterstone Westbrook, LLC and Waterstone Properties Group, Inc.'s, motion to set aside the entry of default is GRANTED, and Waterstone Westbrook, LLC and Waterstone Properties Group, Inc. are granted leave to file an answer, said answer due 20 days from the date this order is docketed.

> The Clerk is directed to enter this order into the docket by reference pursuant to M.R.Civ.P. 79(a).

Date: Dec 15, 2020

Harold Stewart, II
Justice, Superior Court

Entered on the Docket: 12/16/2020

4