STATE OF MAINE                             SUPERIOR COURT
CUMBERLAND, ss                         CIVIL ACTION
                                      DOCKET NO. CV-20-473

HEIDI A. PALMER,

       Plaintiff

   v.

JASON B. WILMOT,                          ORDER AND DECISION

       Defendant

Before the Court is Defendant Jason Wilmot's (Wilmot) motion to set aside default and allow answer filed December 22, 2020. Plaintiff Heidi Palmer (Palmer) filed her opposition to the motion on January 8, 2021. For the reasons set forth below, the motion is denied.

1. Facts

This matter arises out of an automobile accident that occurred in Gorham, Maine on January 12, 2017. (Mot. at 1.) On October 30, 2020 Palmer filed with the court a complaint seeking damages arising from the accident. (Complaint). The complaint was served on Wilmot on November 9, 2020. (Mot. at 1; see also the summons.) Wilmot sent the suit papers to his insurance carrier. (Id.). On December 3, 2020 Palmer filed with the court a request for default judgment. (See Affidavit and Request for Default Judgment.) On December 10, 2020, default was entered. (Opp. To Mot. at 2; see also Order For Entry Of Default.) Counsel for Wilmot received the suit papers from Wilmot's insurance carrier on December 18, 2020. On December

1

22, 2020 Wilmot's counsel filed the subject motion together with a proposed answer to the complaint.

2. Standard of Review

Per M. R. Civ. P. 55(c), for good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b). *Thomas v. Thompson,* 653 A.2d 417, 419 (Me. 1995). The proponent of a motion pursuant to M.R. Civ. P. 55(c) must show both a good excuse for untimeliness in pleading and also the existence of a meritorious defense. *Id.* Although the rule does not define good cause, the Law Court has provided some guidance that that while establishing good cause to set aside a default judgment requires a reasonable excuse for the default, establishing good cause to set aside an entry of default is less stringent. *Zigna v. Sullivan,* 2005 Me. Super. LEXIS 119, citing *Theriault v. Gauthier,* 634 A.2d 1255, 1256-57 (Me. 1993) There is strong preference for deciding cases on the merits, and consistent with this preference, motions to set aside a default have been granted in cases when no gross neglect was involved in the late filing, the non-defaulting party will not be substantially prejudiced by reopening the case, and a meritorious defense exists. *Thomas v. Thompson,* 653 A.2d at 420. The foundation of a good excuse is a reasonable explanation. *Levine v. KeyBank Nat'l Ass'n,* 2004 ME 131, ¶21. (See also *Thomas v. Thompson,* 653 A.2d at 420-*the conscientiousness of the insured in seeking a timely response can mitigate the impact of this principle in a default situation.*)

2

3. Discussion

a. Good Cause

In this case, the record suggests that Wilmot timely forwarded the suit papers to his insurance carrier after he was served. And the record suggests that Wilmot's counsel acted promptly when he received the suit papers from the carrier on December 18, 2020. But what there is no record of is what the insurance carrier did with the suit papers. From this record, the failure to timely file an answer rests with the insurance carrier, but no explanation has been given explaining why the insurance carrier failed to get the suit papers to counsel in a timely manner. In order to assess the reasonableness of an excuse to timely answer, Wilmot needs to have given sufficient information explaining the circumstances that caused, led to, delayed, or otherwise prevented an answer from being timely filed. Indeed, it may not take much in the way of explanation of those circumstances for a court to find that an excuse is reasonable. But some explanation must be given. Otherwise, the deadline to file an answer is merely aspirational. In this case there is simply *no* evidence or explanation provided describing what the insurance carrier did or did not do with the suit papers after it received them from Wilmot, making it impossible to determine whether or not the excuse is reasonable. Wilmot has failed to show good cause for the untimeliness of his answer.

b. Meritorious Defense

For the purpose of this motion, because Wilmot has failed to establish good cause, the court needs not address whether there exists a meritorious defense.

3

The entry is:

     1. Defendant Jason Wilmot's motion to set aside default and allow answer is denied.

     2. The clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

Dated: _Feb. 8_, 2021

                                                  Harold L. Stewart, II
                                                  Justice, Superior Court

Entered on the Docket: 2/5/2021

4