STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-22-8

PAMELA WHITE,

      Plaintiff

v.

      ORDER

LSP PRODUCTS GROUP, et al.,

      Defendants

Before the court is a motion by defendant LSP Products Group Inc. to set aside an entry of default.

The file demonstrates that service was made on LSP in Irving, Texas on February 8, 2022. Accordingly, the deadline for LSP to answer or otherwise respond to the complaint was February 28, 2022. No answer or other response was served within 20 days. One day after the deadline counsel for plaintiff Pamela White prepared a request for entry of default against LSP. That request, dated March 1, 2022, was filed on March 2, 2022. The clerk entered a default against LSP on March 3, 2022.

On March 8, eight days after the answer was due and five days after the entry of default, counsel for LSP served a notice of appearance and asserts that she contacted counsel for White to request a belated extension. When that request was rejected, counsel for LSP served a motion to set aside the default by email on March 9, 2022. That motion was filed on March 14, 2022. LSP thereafter filed a proposed answer on March 17, 2022 (dated and served by email on March 14).

LSP's motion to set aside the default is opposed by White.

REC'D CUMB CLERKS OF(
MAY 21 '22 AM8:15

The court takes a dim view of requests for entry of default one or two days after the deadline to answer has expired because there is a strong preference in Maine law for deciding cases on their merits. *E.g., Thomas v. Thompson*, 653 A.2d 417, 419-20 (Me. 1995). However, in this case, such a request is somewhat understandable. The unrebutted affidavit submitted by counsel for plaintiff sets forth that counsel for plaintiff had communicated with LSP before filing suit, had advised a claims manager at LSP that a complaint had been filed, and had made repeated phone calls to arrange for service. Those calls including calls to Russell Price, who the LSP claims manager had identified as LSP's corporate counsel and as the person with whom counsel for plaintiff should discuss whether LSP would accept service. The calls to Mr. Price were apparently not returned.

Eventually service was made on LSP, and the return of service shows that the summons and complaint were specifically provided to Russell Price. On this record the court finds that lawsuit and the service of the complaint could not have come as a surprise to LSP.

To set aside a default, the moving party must show a good excuse for the untimeliness in pleading and the existence of a meritorious defense. *E.g., Truman v. Browne*, 2001 ME 182 ¶ 9, 788 A.2d 168; *Thomas v. Thompson*, 653 A.2d at 419-20. Courts have also looked to whether the opposing party has been prejudiced by the delay, and the standard under Rule 55(c) is less stringent than the "excusable neglect" standard that would have to be met under Rule 60(b)(1) if a default judgment had been entered. *See* 653 A.2d at 420 n. 2.

In this case LSP has met the low threshold of demonstrating a sufficiently meritorious defense for purposes of Rule 55(c). *See Hart v. Terry L. Hopkins Inc.*, 588 A.2d 1187, 1190 (Me. 1991). There is no showing or indication that White has been prejudiced by the short delay.

The court adheres to the principle that defaults should be set aside where no "gross neglect" was involved in the late filing and where no prejudice has been shown. *E.g., Thomas v. Thompson,*

2

653 A.2d 417, 420 (Me. 1995). This is consistent with the strong preference for deciding cases on their merits. *Id.* In this case, the court agrees that LSP's actions as set forth in counsel's affidavit were less than helpful to say the least. However, the court finds that – even assuming the absence of any extenuating circumstances – the nine-day delay between the date the answer was due and the service of LSP's motion to set aside the default does not rise to the level of gross neglect.

The entry shall be:

The motion by defendant LSP Products Group Inc. to set aside the entry of default in this case is granted. LSP's answer is accepted for filing. The clerk shall incorporate this order in the docket by reference pursuant to Rule 79(a).

Dated: May 27, 2022

Thomas D. Warren
Active Retired Justice, Superior Court

Entered on the Docket: 06/01/22

Plaintiff-Samuel Johnson, Esq.
Defendant LSP-Kelly Malone, Esq.
Defendant Kohler-Elizabeth Stouder, Esq.

3